EUGENIUS L. DOUGLASS, plaintiff in error, vs. JAMES McCRACKIN, defendant in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

1. Proceedings to foreclose an unrecorded mortgage do not constitute such a *lis pendens* as would be notice to the purchaser of the mortgaged property. The notice must be actual, such as would affect the conscience of the purchaser and charge him with fraud.
2. The purchaser, with notice, of land covered by an unrecorded mortgage, from a purchaser without notice, will be protected.

Mortgage. Registry. Notice. Before Judge KIDDOO. Terrell Superior Court. November Term, 1873.

Douglass *vs.* McCrackin.

For the facts of this case, see the decision.

VASON & DAVIS; F. M. HARPER; E. L. DOUGLASS, by JOHN T. CLARKE and Z. D. HARRISON, for plaintiff in error.

HOYLE & SIMMONS; H. & I. L. FIELDER, for defendant.

WARNER, Chief Justice.

This was a claim case, and on the trial thereof in the court below, the jury found the property levied on not subject to the plaintiff's *fi. fa.* The plaintiff made a motion for a new trial on the several grounds, as set forth therein, which was overruled by the court, and the plaintiff excepted. It appears from the evidence in the record, that Oliver, on the 10th day of November, 1863, executed his mortgage deed to the plaintiff to secure the payment of three promissory notes, on certain land described therein, which mortgage was not recorded. On the 24th day of November, 1864, Oliver conveyed the mortgaged premises to James J. Wall. On the 5th day of February, 1870, James J. Wall and William E. Wall conveyed the land to McCracken. At the May term of Terrell superior court, 1866, the plaintiff obtained a rule *nisi* against Oliver to foreclose his mortgage. At the November term of said court, 1871, the plaintiff obtained a rule absolute foreclosing his mortgage. On the 8th of June, 1872, an execution issued on the judgment of foreclosure, and was levied by the sheriff on lot of land number two hundred and thirty-four, in the eleventh district of Terrell county, which lot was embraced in the mortgage, and was claimed by McCracken as his property.

1. The main question raised on the argument of the case here, was whether the fact that the claimant, having purchased the land pending the proceeding to foreclose the mortgage, the pendency of that proceeding was notice to him of the mortgage, within the true intent and meaning of the statute. The 1957th section of the Code declares that mortgages not recorded within the time required, remain valid as

against the mortgagor, but are postponed to all other liens created, or obtained, or purchases made, prior to the actual record of the mortgage. If, however, the younger lien is created by contract, and the party receiving it has notice of the prior unrecorded mortgage, or a purchaser has the like notice, then the lien of the older mortgage shall be held good against them. Was the proceeding to foreclose the mortgage such a *lis pendens* as would charge McCracken, the purchaser, with notice of the existence of the mortgage ? We recognize the general rule to be found in the authorities, that the purchaser of property, pending a suit in respect to the title to that property, would be charged with notice of the title involved in that suit, whatever the same may be, and would be bound by the judgment, or decree, rendered by the court in that suit. But was the title to the land mortgaged involved in the proceeding to foreclose the mortgage? A mortgage in this state is only a security for a debt, and passes no title : Code, 1954. A mortgage, not recorded, has no priority of lien as against the purchaser of mortgaged property, unless such purchaser had notice of the unrecorded mortgage. What sort of notice does the statute contemplate? Does it contemplate merely *constructive* notice, which would arise from the pendency of a rule *nisi* against the mortgagor by the mortgagee to foreclose his lien on the mortgaged property, or does it contemplate such *actual* notice to the purchaser of the existence of the unrecorded mortgage as would affect his conscience and charge him with fraud? In looking into the decisions of the courts in England, prior to 1776, we find the rule to be, that where money is secured upon an estate, and there is a question depending in the court upon the right of, or about that money, but no question relating to the *estate* upon which it is secured, but is wholly a collateral matter, that a purchaser of the estate, pending that suit, cannot be affected with notice, by such implication as the law creates by the pendency of a suit: Worfley *vs.* Earl of Scarborough, 3d Atkyn's Reports, 392. Mr. Justice STORY, in discussing the doctrine of *lis pendens*, remarks: "And although, as we have seen, a registered deed

will be postponed to a prior unregistered deed where the second purchaser had actual notice of the first purchase, yet the doctrine has never been carried to the extent of making a *lis pendens* constructive notice of the prior unregistered deed, but actual notice is required: 1 Story's Equity Jurisprudence, section 406. In Newman *vs.* Chapman, 2d Randolph's Va. Rep., 93, it was held that a subsequent purchaser for valuable consideration, without actual notice, is not affected by a suit pending to foreclose a mortgage not duly recorded. In our judgment, the notice contemplated by the statute to the purchaser of the unregistered mortgage, must be such actual notice thereof as would affect his conscience and charge him with fraud. In this case the record does not disclose any entry of service, or acknowledgment of service, of the rule *nisi* to foreclose the mortgage on the mortgagor, or his special agent or attorney, or that the same was published as required by the 3962d section of the Code.

2. The evidence in the record as to the Walls having notice of the mortgage at the time of the purchase from Oliver is conflicting, and the two witnesses who proved notice to them, were impeached, and it was a question for the jury to believe them or not. If the Walls had no notice of the mortgage at the time of the purchase from Oliver, and conveyed the land to McCracken, who did have notice of the mortgage at the time he took his deed from them, still, he could protect his title derived from them as *bona fide* purchasers, otherwise the Walls could not enjoy the full benefit of their unexceptionable title as *bona fide* purchasers from Oliver. There is some slight evidence in the record by the impeached witnesses, that McCracken knew of the mortgage, but that was a question for the jury, and we will not interfere with their verdict under the evidence as disclosed by the record in this case. We find no material error in the charge of the court to the jury, or in refusing to charge as requested, in view of the evidence submitted on the trial.

Let the judgment of the court below be affirmed.