BENTON & UPSON v. BAXLEY, BOLES & COMPANY.

1. Evidence offered and rejected by the court below is no part of a proper brief of evidence, and cannot be thus brought to the attention of this court. An exception to a refusal to admit evidence without setting forth the same either in the bill of exceptions or motion for a new trial, but merely referring to it as being incorporated in the brief of evidence, cannot be considered.

2. A mortgage attested by two witnesses is good between the parties to it, though neither of the witnesses is an official authorized by law to attest mortgages, and as between these parties it is immaterial whether the mortgage has been properly probated and recorded or not. A *fi. fa.* issued upon the foreclosure of such mortgage will not be rejected at the instance of a claimant who does not show that he has some right or lien which would be injuriously affected by a failure to comply with the requirements of the law as to the attestation, probate or record of the mortgage.

3. There was no error in refusing a new trial.　　*Judgment affirmed.*
   August 27, 1892.

Practice. Evidence. Mortgage. Attestation. Lien. Before Judge Atkinson. Charlton superior court. November term, 1891.

A *fi. fa.* issued from the foreclosure of a mortgage in favor of Baxley, Boles & Company against T. R. Morgan & Company, was levied upon an engine and boiler and entire saw-mill and fixtures, which property was claimed by Benton & Upson. Foreclosure was made December. 20, 1890, and levy December 22, 1890. The property was found subject; claimants' motion for a new trial was overruled, and they excepted.

The motion contains the general grounds that the verdict is contrary to law, evidence, etc. Also, that the court erred in overruling the objection of claimants to the mortgage from Morgan & Company to Baxley, Boles & Company, upon the ground that the same was not properly executed, the same not having been officially attested and the probate being insufficient, in that the attesting witness, Hindon, does not swear that he saw Morgan & Company, or any person alleged to be a member of the firm of Morgan & Company, acting for them, sign the mortgage, or that he signed the same as a witness, or that he saw Simmons, the other subscribing witness, sign the mortgage, and that the affidavit for the probate of the mortgage was not signed by the subscribing witness, Hindon; and because the court overruled the motion of claimants to dismiss the levy on plaintiffs' mortgage *fi. fa.*, because of the improper execution of the mortgage and of the failure to properly probate the same as aforesaid. It appears from the record that the mortgage was "signed, sealed and delivered in the presence of William M. Hindon, J. A. Simmons." The affidavit for probate is unsigned by any one, except a magistrate before whom it is recited therein to have been sworn to and subscribed. It is as follows: "Personally appeared before me a justice of the peace . . W. M. Hindon . . who, being duly sworn according to law, deposeth and says he was present and saw T. R. Morgan sign the foregoing [the mortgage] for the purposes therein

mentioned; that J. A. Simmons was present with this deponent and signed as a subscribing witness."

Also, because the court erred in excluding the laborers' lien foreclosures, including affidavits, executions and levies, etc., thereon, in favor of John White, J. B. Crews and others named, against Morgan & Company and the steam saw-mill, the property in controversy, and the bill of sale from John Hickox, constable, to the claimants Benton & Upson, made in pursuance of the sale made under said laborers' lien foreclosures, offered as evidence by claimants. This excluded evidence is not referred to in the motion for a new trial as having been made a part of such motion or the brief of evidence. It does appear in the brief of evidence set out in full without abbreviation. It is not set out in the bill of exceptions, but is therein referred to as a part of the brief of evidence.

It appears from the record that the affidavits for the foreclosures of these laborers' liens, the levies thereunder and the sale made by the constable were all after the steam saw-mill and fixtures had been levied on under the foreclosure of the mortgage. Generally it is alleged in the affidavits that T. R. Morgan & Company, of Charlton county, are indebted to affiants a certain sum mentioned, for labor and work done at the steam saw-mill owned by T. R. Morgan & Company in said county, which sum is due and unpaid, and since the same has become due payment has not been demanded of T. R. Morgan & Company, because of the absence from the county of his residence of T. R. Morgan, and because affiant did not know who the company was; and that affiant therefore has a lien for the sum due on the personal property of T. R. Morgan & Company and the steam saw-mill and lumber at the mill, the product thereof. Some of them aver that the contract of labor has been completed, and that within twelve months from the time the money became due the deponent makes

the affidavit. The levies were made by the constable upon "one steam saw-mill and fixtures as the property of T. R. Morgan & Company," and the property levied upon was sold by the constable. No other entry, except the entry of levy and sale, appears upon the executions.

S. W. HITCH, for plaintiff in error.
BENNET & GROOVER, by J. H. LUMPKIN, *contra.*