346. HENRY VOGT MACHINE CO. *v.* BAILEY.

A sale of personal property to secure a debt, where the property remains in the possession of the vendor, is inoperative and void as against third persons, unless it is reduced to writing, in which event it will be good as to third persons when recorded, or, when not recorded, as to subsequent purchasers or creditors who have actual notice of such sale. When such sale is not in writing, the personal property must be delivered into the possession of the vendee as security for the payment of the debt, to be valid.

Claim, from city court of Americus—Judge Crisp. November 6, 1906.

Argued May 13,—Decided June 26, 1907.

*G. R. Ellis,* for plaintiff. *W. A. Dodson,* for defendant.

HILL, C. J. The Henry Vogt Machine Company filed a materialman's lien against E. D. Ansley on October 6, 1903; said lien being on the real estate in the city of Americus on which the ice

plant of E. D. Ansley was situated, and also the buildings, machinery, etc., embracing the whole plant, including the property claimed by W. D. Bailey. The said machine company foreclosed its materialman's lien and obtained a judgment establishing the lien, and also obtained in the same suit a general judgment against E. D. Ansley. The judgment in rem and the judgment in personam were both obtained on January 20, 1905. The fi. fa. issued thereon was levied on the property of E. D. Ansley, including a certain "Laidlaw, Dunn & Gordon air compresser, with attachments." This specific property was claimed by W. D. Bailey. On the trial of the claim case the jury found the property not subject, and thereupon a motion for a new trial was made by the plaintiff, which was overruled, and the plaintiff excepted.

The undisputed evidence showed that this property claimed by Bailey was bought by Ansley in July, 1903, from the Latta-Martin Pump Company, of Hickory, N. C. The property was not paid for at the time it was purchased, and Ansley gave four notes for the purchase-money, which were indorsed by W. D. Bailey, who subsequently paid these notes. When Bailey paid the notes, Ansley told him that he could retain title to the property until he was repaid. Possession of the property, however, was not delivered to Bailey, but remained in Ansley. Neither did Ansley execute any writing or bill of sale to Bailey for the property. It was simply a verbal agreement between Ansley and Bailey. Before the record of its materialman's lien by the machine company, and when a line of credit was extended by it to Ansley, Ansley informed the secretary and treasurer of the machine company that the property in question belonged to Bailey, that Bailey had paid for the property, and that it was his property, and that the title thereto was to remain in him until he was repaid. The trial judge, in his judgment overruling the motion for a new trial, makes the following statement: "After consideration, the court is of the opinion that the evidence makes out a verbal conditional sale between Ansley and Bailey, claimant, before the filing of materialman's lien by the Henry Vogt Machine Company. In the opinion of the court, the law requires the recording of conditional sales, to protect innocent purchasers. The uncontradicted evidence in this case is that, before the lien was ever filed or sued out, Adam Vogt, the secretary and treasurer and general manager of the plaintiff, was given

actual notice by Ansley that the property involved in this claim was the property of Bailey, claimant."

The court tried the case on the theory that the facts showed a conditional sale. We do not think that under the facts a conditional sale was shown. It was at most a sale to secure the payment of a debt. To constitute a valid sale of personal property to secure the payment of a debt, so as to be good as against subsequent creditors, a bill of sale to the property must be executed by the vendor to the vendee, and recorded. If such bill of sale is, however, not recorded, but has been actually executed, and the creditor has actual notice of it, then the title conveyed by it shall be good as against the claim of such creditor, whether he be a purchaser or a junior lien holder. Civil Code, § 2772. It will thus be seen that there must be constructive notice by the record, or actual notice, before the vendee's title would be protected. There might also be a verbal sale, good against subsequent purchasers or creditors, provided the personal property sold was actually delivered into the possession of the vendee, in which event it would be a pledge or pawn to secure the debt. Civil Code, 1895, § 2956. The facts in this case show that there was neither a written bill of sale nor a verbal sale with delivery of possession of the property as a pledge or pawn. There seems to have been simply a verbal understanding or agreement between Ansley and Bailey, by which the title to the property was to remain in Bailey until he was repaid the money which he advanced for the payment of the property. The question of notice, therefore, to the machine company, which the learned judge seemed to rely upon as protecting Bailey, the claimant, we think was wholly immaterial, for the sale of the property in question to Ansley by the Latta-Martin Pump Company and the delivery of the property to him were absolute so far as the rights of third parties were concerned, and the mere verbal agreement between Ansley and Bailey was inoperative as to all parties dealing with Ansley. It follows, therefore, that the property in question was subject both to the materialman's lien of the machine company and to the special judgment thereon, and was also subject to the general judgment of the machine company against Ansley. We therefore think that the trial court erred in not granting a new trial.                *Judgment reversed.*