### 4312. SHAW *v.* RENFROE *et al.*

The evidence demanded a finding that the property levied upon was subject to the execution, and there was no error in the direction of a verdict to that effect.

DECIDED NOVEMBER 27, 1912.

Levy and claim; from city court of Atlanta—Judge Reid. May. 22, 1912.

*Frank L. Neufville,* for plaintiff in error.
*Green, Tilson & McKinney,* contra.

HILL, C. J. Allen W. Renfroe and Vincent J. Hurley, holding an execution against O. M. Sutton, had it levied on two automobiles as the property of the defendant. Minnie G. Shaw interposed a claim, and on the trial of the claim the trial judge directed a verdict for the plaintiff, finding the property subject to the execution; and the claimant brings error. The question in the case depends. upon the character of a certain written instrument introduced by the claimant. The trial court held that this instrument was in effect a conditional bill of sale, and that under it the title to the two automobiles, at the time of the levy, was in the defendant, Sutton, subject to the payment of the purchase-money to the claimant. This contract was not recorded. The contract is somewhat confusing, and was probably designed for the purpose of deception as to the true character of the transaction between Sutton and the claimant. It is clear, however, from an inspection of the entire contract, and especially from paragraphs 3 and 4, that the construction placed thereon by the trial judge was correct. The contract was executed by Minnie G. Shaw, the claimant (referred to therein as "party of the first part"), and O. M. Sutton, the defendant in fi. fa., and paragraphs 3 and 4 are in the following language: "3. That the permission to use the said cars in his business and the special permission to borrow money on them, if necessary, shall not be construed as vesting the ownership of the two said cars, nor either of the said two cars, in the said O. M. Sutton, except for the specific purposes herein mentioned; but the title to.

both the said cars shall remain in the party of the first part until both the cars are cleared of encumbrance and the amount agreed upon, viz. $500, for each car over and above said encumbrance has been paid in full by party of the second part. It is understood that herein the party of the second part renounces any claim he might be supposed to have in himself to the legal title to the two said cars, except as vested in him by party of the first part for these aforesaid specific purposes only. 4. That the said party of the second part, in consideration of being permitted to use the cars and to borrow money on same to save not only the interstate car, as aforesaid, but also the personal properties of his own in like jeopardy under the same mortgage, does this day give to party of the first part warranty deeds to two lots (viz., lot 16, block 1, and lot 23 in block 3) in West End Heights subdivision, to hold absolutely as payment for the use of said cars and not to be reconveyed to party of the second part, and a bill of sale of the remaining personal properties aforesaid, subject to the unpaid balance of indebtedness on same, the title to these said personal properties, as thus conveyed, to remain in the party of the first part until she shall have been fully paid, at which time she shall reconvey to party of the second part these said items of personal properties, viz., one desk, one chair, and one typewriter." As this contract of sale, reserving title in the vendor until payment for the automobiles as specified in the contract, was not recorded, and as the judgment lien, the basis of the execution levied upon the automobiles, was acquired after the execution of the contract, the judgment lien was superior to the rights of the vendor under the contract of sale; and, therefore, the court did not err in holding that the property was subject to the execution and in directing a verdict to that effect. *Cottrell* v. *Merchants Bank,* 89 *Ga.* 513 (15 S. E. 944); *Rhode Island Locomotive Works* v. *Empire Lumber Co.,* 91 *Ga.* 639 (17 S. E. 1012); *Southern Iron & E. Co.* v. *Voyles,* 138 *Ga.* 258 (75 S. E. 248).　　　　　　　　　　　　　*Judgment affirmed.*