5043.　PHILLIPS & CREW COMPANY *v.* DRAKE *et al.*

Where personal property is delivered under a contract of conditional sale, and afterwards and before the contract has been recorded a judgment against the purchaser is obtained by a third person, the lien of the judgment has priority over the vendor's unrecorded reservation of title.

DECIDED OCTOBER 31, 1913.

Appeal; from Fulton superior court—Judge Bell.　May 22, 1913.

*Hendrix & Silverman,* for plaintiff in error.

*Horton Brothers & Burress,* contra.

RUSSELL, J.　Whitfield and others executed a promissory note to John Drake in 1908.　On March 17, 1911, Phillips & Crew Company sold to Whitfield a piano, under a conditional-sale contract, in which title was reserved in the seller.　In 1912 Drake sued on Whitfield's note given in 1908, obtaining a judgment in December, 1912.　The execution which issued upon this judgment was not filed for record or recorded upon the general execution docket of the county.　On February 21, 1913, it was levied upon a piano in Whitfield's possession, admitted to be the same piano which had been sold to him by Phillips & Crew Company.　At the time of the levy there was due upon the conditional-sale contract an unpaid balance of something more than one hundred dollars.　The contract had never been recorded.　Phillips & Crew Company filed a claim to the piano, and before the trial of the claim case, but after the levy of Drake's fi. fa., they filed their conditional-sale contract for record in the clerk's office of the superior court.　Upon the trial in the superior court the judge directed a verdict in favor of the plaintiff in fi. fa.　Exception is taken to that judgment.　The only question presented by the record is whether the lien of the judgment in favor of Drake is superior to Phillips & Crew Company's reservation of title.

This case is controlled adversely to the plaintiff in error by the decision of the Supreme Court in *Southern Iron & Equipment Co. v. Voyles,* 138 *Ga.* 258 (75 S. E. 248, 41 L. R. A. (N. S.) 375, Ann. Cas. (1913D) 369).　In that case it was held that the lien of an attachment, obtained after the execution of a conditional bill of sale which had been illegally recorded, had priority over the conditional sale, notwithstanding the attachment was founded on a debt antecedent to the conditional bill of sale.　The statute (Civil Code, § 3262) provides that an unrecorded or a defectively recorded

mortgage is postponed to younger liens. It is pointed out in the decision just cited that the same rules govern the priority of conditional bills of sale, as affected by registration, as govern the registration of mortgages. In the present case the undisputed evidence shows that Drake obtained a judgment which was junior in date to the conditional sale upon which the claim of title of the plaintiff in error was founded. The mere fact that this judgment was founded upon a debt antecedent to the conditional sale did not prevent the judgment lien from having priority over the conditional sale. The facts of the case clearly distinguish it from the cases of *Conder* v. *Holleman*, 71 *Ga.* 93, and *American Law Book Co.* v. *Brunswick Crosstie Co.*, 12 *Ga. App.* 259 (77 S. E. 104). In both of these cases the lien under which priority was claimed antedated the contract of conditional sale.

A judgment creditor whose lien is obtained before the conditional sale is made is not one of the third persons referred to in section 3318 of the Civil Code. If, however, his lien is acquired after the conditional sale is made, he does come within the terms of that section of the code. While the debt upon which the judgment is founded was not created upon the faith of the debtor's apparent unconditional ownership of the property, still the lien was obtained at a time when the possession of the debtor furnished presumptive evidence of ownership, and it is for this reason that the judgment lien takes priority. The fact that the execution which issued upon the judgment was not recorded upon the general execution docket of the county in which the judgment was rendered would make no difference. As against third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the defendant's property, a money judgment against him would not be a lien upon his property from the rendition thereof, unless the execution issuing thereon be entered upon the docket within ten days from the time of its rendition; and if not entered within ten days the lien dates from the time of such entry of the execution. Civil Code, § 3321. This section, however, has no application in the present case. The plaintiff in error is not in the position of one who acquires title on the faith of the defendant's apparent unincumbered ownership without notice of the judgment lien. Having sold the property to the defendant and delivered it over into his possession without recording its contract of conditional sale, it took

the risk of creditors of the defendant acquiring a lien against the property. The owner of personal property sold on conditional sale can not withhold the contract from record, and then enforce the reservation of title against one who subsequently obtains a lien at a time when the defendant is apparently clothed with the absolute title to the property.

There was no error in directing a verdict finding the property subject.          *Judgment affirmed.*