14282. HOSCH v. SMITH et al.

JENKINS, P. J. The Supreme Court in transferring this case to this court held: "This is a contest on a money rule, and involves competition between a mortgage fi. fa. based on the judgment of foreclosure of an unrecorded mortgage, and an execution based upon a judgment in attachment, the attachment having been levied after commencement of the suit to foreclose the mortgage and prior to the judgment absolute rendered in that case. Under the pleadings and the evidence no facts were involved which would entitle either party to equitable relief. The remedy is purely statutory." *Hosch* v. *Smith*, 154 *Ga.* 789 (115 S. E. 646), citing *Elmore* v. *So. Bk. & Trust Co.*, 150 *Ga.* 811 (105 S. E. 574). Thus, applying the established doctrine under the statutes, that "a junior lien

by operation of law will take precedence of an older unrecorded mortgage lien, though actual notice" of the previous unrecorded lien be had by him who acquired the junior lien, it follows that the lien of the attachment, duly levied and prosecuted to a general and special judgment with a properly recorded execution, all prior to the time that judgment was obtained on the unrecorded mortgage, must be held superior to the right of the mortgage creditor. It was therefore error for the trial court, passing upon the law and the facts, to award the fund in question to the mortgagee. *Cottrell* v. *Merchants Bank*, 89 *Ga.* 508, 517 (15 S. E. 944), and cases cited; Civil Code (1910), §§ 5124, 3260; *Richards* v. *Myers*, 63 *Ga.* 763; *Burke* v. *Anderson*, 40 *Ga.* 535, 540, 541; *So. Iron & Equipment Co.* v. *Voyles*, 138 *Ga.* 258, 264 (75 S. E. 248, 41 L. R. A. (N. S.) 375, Ann. Cas. 1913D, 369) ; *North* v. *Goebel*, 138 *Ga.* 739 (76 S. E. 46) ; *Cambridge Tile Co.* v. *Scaife*, 137 *Ga.* 281 (2) (73 S. E. 492) ; *Shaw* v. *Renfroe*, 11 *Ga. App.* 807, 808 (76 S. E. 363) ; *Phillips & Crew Co.* v. *Drake*, 13 *Ga. App.* 764 (79 S. E. 952).

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 12, 1923.

Money rule; from Hall superior court—Judge J. B. Jones. February 19, 1922.

*Hammond Johnson,* for plaintiff in error.

*J. G. Collins, W. V. Lance,* contra.

*Judgment reversed. Stephens and Bell, JJ., concur.*