27771. BANK OF RINGGOLD *et al. v.* WEST PUBLISHING COMPANY.

Decided November 13, 1939. Rehearing denied December 18, 1939.

*M. L. Harris,* for plaintiffs in error.

*D. W. Mitchell, S. R. Brooke,* contra.

Guerry, J. On October 14, 1938, J. H. Clark had an attachment against Louis R. Mitchell, a nonresident of the State, levied upon certain law books which had been purchased by said Mitchell from West Publishing Company. On November 10, 1938, D. W. Mitchell, as attorney for the West Publishing Company, filed with the clerk of the superior court of Catoosa County an affidavit of foreclosure of a retention-of-title contract executed by Louis R. Mitchell in favor of West Publishing Company, on the books which had been levied on under the attachment filed by Clark. Execution was issued thereon, but not placed in the hands of the sheriff until December 10. An admittedly void sale of said books was had under the Clark attachment on November 21. On November 23, 1938, the Bank of Ringgold and G. W. Stephenson sued out attachments against Louis R. Mitchell which they had served by summons of

garnishment against the sheriff, he having in his possession at the time the books which he had levied on under the Clark attachment. The books were readvertised under the Clark levy and sold. It was agreed by the parties that the Clark fi. fa. was a prior claim against the fund, and the court so found on a trial of a money rule brought against the sheriff, to which rule all the above-named parties were parties defendant. Stephenson and the Bank of Ringgold filed declarations in attachment in aid of their foreclosures, which actions were pending at the time of the trial of the money rule. By consent of parties it was agreed that the case be tried as if final judgments had been rendered on the attachments, and that the court determine the validity of the proceedings brought by West Publishing Company.

When the retention-of-title contract in favor of West Publishing Company, which had not been recorded, and the foreclosure thereof of November 10, were offered in evidence they were objected to on the ground that as to third persons it was invalid because it was not attested and executed as provided by the laws of Georgia. West Publishing Company introduced evidence showing that the signature on the retention-of-title contract was that of Louis R. Mitchell, and there was no evidence controverting this. The court rendered judgment in favor of J. H. Clark for the amount of his claim under attachment, and the remainder to West Publishing Company, its claim being more than enough to absorb the balance on hand. The court further held and adjudged that an execution having been issued on an affidavit to foreclose the contract of West Publishing Company on November 11, the lien of the execution dated from that day, and as such took precedence over the attachments which had not been issued until November 23. Error is assigned on the admission of the retention-of-title contract in evidence on the ground that it was invalid as against the claims of the Bank of Ringgold and Stephenson. Error is also assigned on the final judgment on the money rule.

It appears without dispute that the retention-of-title contract was unattested or improperly attested and had not been recorded. It is apparent, therefore, that any rights of third parties, which had accrued prior to the foreclosure of the contract, were superior to the rights of the holder of the retention-of-title contract. "An unattested mortgage [and the same is true with reference to a

retention-of-title contract] is good as between the parties thereto, or as between the maker and a transferee. The requirement relative to attestation, as prescribed by section 3257 of the Civil Code (1910) [Code of 1933, § 67-102], pertains to the prerequisite necessary to its record, and has application only so far as the *intervening rights* of third persons without notice are concerned." (Italics ours ) *Futch* v. *Taylor, 22 Ga. App.* 441 (96 S. E. 183). Again, as to a retention-of-title contract as well as a mortgage, the following quotation is pertinent: "In this State a mortgage is good inter partes without any witness, and the only purpose of having an official witness to such a paper is to admit it to record." *International Harvester Co.* v. *Davis, 13 Ga. App.* 1, 4 (78 S. E. 770). See also *Smith* v. *Camp, 84 Ga.* 117 (10 S. E. 539) ; *Benton* v. *Baxley, 90 Ga.* 296 (15 S. E. 820). The foreclosure of the contract in the present case was entirely proper. It was foreclosed and execution issued on November 11. The issuance of this execution by the clerk of the superior court was notice to all subsequent creditors of the rights of West Publishing Company in respect to the property therein described. The object of the recording statutes is the constructive notice which is given to all the world as to the rights of the parties thereto. Actual notice to third parties, where it can be shown, is as effective as recordation. The Bank of Ringgold and Stephenson, not having acquired any rights as against Mitchell until November 23, took with notice of the retention-of-title contract and the execution issued on the foreclosure thereof, on November 11, although it was unrecorded; and the court did not err in admitting the contract in evidence, its execution having been proved, and in entering the judgment complained of.

The facts of this case are clearly distinguishable from the cases cited by counsel for plaintiff in error in his brief. In those cases there was either a claim under an unrecorded retention-of-title contract or under an execution which was not foreclosed until after the rights of the third parties had attached. The position occupied by Clark in the present case allows him to take precedence over the unrecorded contract of West Publishing Company. Plaintiffs in error had notice because of the foreclosure and issuance of the execution, and do not take precedence.

In view of the amendment tendered the motion to dismiss the bill of exceptions is denied.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

GUERRY, J. Under the Code, § 8-905, it is provided that "in a contest between attachments and ordinary judgments or suits, it is the judgment [on attachment] and not the levy which fixes the [priority of the] lien." Code, § 67-108, provides for the recording of mortgages, conditional-sale contracts etc. Where such instrument is not recorded it "shall operate as a lien upon the property of the mortgagor only as against the mortgagor himself and those having actual notice of such mortgage." Code, § 67-1401, provides that conditional sales of personal property, in order for reservation of title to be valid against third parties, shall be evidenced in writing. Code, § 67-1403, provides for their recordation. In order to affect creditors who obtain liens before the vendor reclaims the property the conditional-sale contract must be recorded, but actual notice will dispense with the necessity of recording. *Rhode Island Locomotive Works* v. *Empire Lumber Co.,* 91 *Ga.* 639 (17 S. E. 1012); *Henry Vogt Machine Co.* v. *Bailey,* 2 *Ga. App.* 204, 206 (58 S. E. 314).

The lien of an ordinary attachment upon which no judgment had been rendered is not superior to the claim of a vendor under a duly-executed but unrecorded retention-of-title contract of sale of personal property which contract has been foreclosed under the provisions of the Code, §§ 67-1601 et seq. In a rule to distribute money arising from the sale of personal property to which the vendor thereof had an unrecorded retention-of-title contract, but which contract had been foreclosed before the issuing of an attachment against the purchaser in favor of an unsecured creditor on the ground that the purchaser had absconded, the court properly adjudged the proceeds thereof to belong to such vendor. The proceeding by the vendor of the property levied on, in foreclosing his contract as provided for in Code, §§ 67-1601 et seq., was the same as a retaking or reclaiming of the property. He could have taken an action in trover or a purchase-money attachment. His election to proceed by foreclosure did not prevent his claim to the books sold from being a prior claim to that of a subsequent attachment creditor, it not appearing that such creditor stood in the relation of a pur-

chaser from the vendee. The subsequent attaching creditor was not a judgment creditor before actual notice to it of the retention-of-title contract. The cases cited by movant are in·respect to contests between holders of unrecorded mortgages and purchasers or judgment creditors. See *Douglass* v. *McCrackin,* 52 *Ga.* 596; *Cambridge Tile Co.* v. *Scaife Co.,* 137 *Ga.* 281 (73 S. E. 492); *Richards* v. *Myers,* 63 *Ga.* 763; *Hosch* v. *Smith,* 31 *Ga. App.* 91, 92 (119 S. E. 667). In the last case cited it will be noted that the attaching creditor had prosecuted his action to a general and special judgment with a properly recorded execution "all prior to the time that judgment was obtained on the unrecorded mortgage." In the present case we have a conditional purchase-money contract. Even were it an unrecorded mortgage, it had been foreclosed and execution had issued thereon and claimed the proceeds of the property in the hands of the sheriff before the issuance of the attachment in favor of the plaintiff in fi. fa. We adhere to our opinion.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*