38152. AMERICAN DISTRIBUTING COMPANY *v.* REID *et al.*

DECIDED APRIL 6, 1960.

*James L. Flemister,* for plaintiff in error.

*Mitchell, Clarke, Pate & Anderson, Paul H. Anderson, Greeley H. Ellis, Jr.,* contra.

FELTON, Chief Judge. ■ The defendants bought a house con-

taining certain kitchen equipment which had been purchased by the seller from the plaintiff and installed prior to the sale. The seller had executed a title-retention contract to the plaintiff corporation covering the equipment in the kitchen. This contract was witnessed by Durwood Eubanks, Notary Public, State at Large, and was recorded in the office of the Clerk of Superior Court in DeKalb County.

A third party may show by extrinsic proof that an instrument, such as a title-retention contract, was defectively attested. *Southern Iron &c. Co. v. Voyles,* 138 *Ga.* 258, 261 (75 S. E. 248, 41 L. R. A. (NS) 375, Ann. Cas. 1913 D 369). Here, the evidence shows that Eubanks, the attesting notary, was president and sole stockholder of the corporation to whom the contract was given. "A stockholder of a corporation bears such financial relation to it that he is disqualified, on account of interest, from attesting as a notary a deed or bill of sale to which the corporation is a party." *Southern Iron &c. Co. v. Voyles,* 138 *Ga.* 258 (2), supra. See also *Betts-Evans Trading Co. v. Bass,* 2 *Ga. App.* 718 (2) (59 S. E. 8). As the instrument was not attested in the manner required by law to authorize its registry, its record was not constructive notice of its existence or contents. *Donalson v. Thomason,* 137 *Ga.* 848, 850 (74 S. E. 762); *Betts-Evans Trading Co. v. Bass,* 2 *Ga. App.* 718 (2), supra. See also in this connection *Propes v. Todd,* 89 *Ga. App.* 308, 312 (79 S. E. 2d 346) and cit.

It is contended by the plaintiff, however, that the attorney who represented the defendants during their purchase of the house had actual knowledge of the plaintiff's title-retention contract and that such knowledge is chargeable to the defendants. The attorney in question is now deceased, but in support of its contention, the plaintiff cites certain documentary evidence in the record. The closing statement shows an item of $790 held in escrow by the attorney but does not identify the purpose for which this money is held. Another exhibit is a letter to the defendants from their attorney purportedly informing them that the "Eubanks Appliance Company, successors to the General Distributing Company" was going to take legal steps toward repossession of the kitchen equipment. Both defendants denied receipt of this letter and there is no evidence that it was ever mailed or de-

livered to them. Further, the letter is dated one week after the closing of the loan for purchase of the house and there is nothing to show that the defendants had actual knowledge of any claim against the property at the time they contracted to buy the house. Moreover, this evidence is not sufficient to show that their attorney had actual knowledge of the plaintiff's contract either at the closing or at any time prior thereto. Under these circumstances, the court could find that the defendants were bona fide purchasers for value and without notice and the general grounds of the motion for a new trial are without merit.

■ The sole special ground complains of the exclusion of testimony by the president of the plaintiff corporation concerning a conversation between himself and the attorney for the defendants, since deceased. A surviving agent shall not testify in favor of a surviving party as to transactions or communications with a deceased agent, under circumstances where such witness would be incompetent if the deceased agent had been a principal. Code § 38-1603 (5). In *Potts* v. *Moultrie Bkg. Co.*, 22 *Ga. App.* 498 (1) (96 S. E. 502) this court held that on the trial of a suit against a bank, an agent of the plaintiff is not competent to testify in behalf of the plaintiff as to transactions or communications solely with a deceased cashier of the bank. It is likewise apparent here that if the deceased attorney had been a principal and any action against him had been defended by his personal representative, the plaintiff's president would be incompetent to testify as to communications with the deceased. Furthermore, the evidence excluded does not show actual knowledge of the plaintiff's contract by the defendant's attorney at the time the defendants entered into a valid and binding contract by purchase of the house. Any subsequent knowledge which they or their attorney may have derived does not affect their status as bona fide purchasers. For these reasons, the court did not err in excluding the testimony in question and in denying the amended motion for a new trial.

*Judgment affirmed. Nichols and Bell, JJ., concur.*