### 38547. CENTRAL BANK & TRUST COMPANY v. CREEDE.

BELL, Judge. A conditional-sale contract duly recorded and on its face properly executed and attested is admissible in evidence. A retention-of-title contract or a mortgage may be valid between the parties even though it is unattested or improperly attested and not recorded and not entitled to be recorded because of such improper attestation. *Lane v. American Agricultural Chemical Co.*, 44 Ga. App. 432, 433 (3) (161 S. E. 646); *Bank of Ringgold v. West Publishing Co.*, 61 Ga. App. 426 (6 S. E. 2d 598); *Benton & Upson v. Baxley, Boles & Co.*, 90 Ga. 296 (15 S. E. 820). In the *Bank of Ringgold* case error was assigned on the admission of the retention-of-title contract in evidence, but this court held that the court did not err in admitting the contract in evidence, its execution having been proved. Where, as in the present case, the vendee under such a contract admits execution, even though one of the attesting witnesses testifies that she has no recollection that she witnessed the signing of the document, the assignee of the vendor has a superior claim to the property as against a subsequent judgment creditor of the conditional vendee. Even had it not been recorded at all, it would have been superior to a subsequent lien created by law. *Mackler v. Lahman*, 196 Ga. 535 (1) (27 S. E. 2d 35). "The registration and record of conditional bills of sale shall be gov-

erned in all respects by the laws relating to the registration of mortgages on personal property, except that any conditional bill of sale when filed for record within thirty days from its date, shall have priority from the date of its execution, as to all other liens and instruments and claims. The effect of failure to record a conditional bill of sale shall be the same as is the effect of failure to record a deed of bargain and sale." Ga. L. 1957, pp. 167-8.

The court erred in not admitting the conditional-sale contract in evidence and in overruling the motion for a new trial.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED FEBRUARY 13, 1961—REHEARING DENIED MARCH 1, 1961.

*Sanders, Thurmond & Hester, Isaac S. Jolles,* for plaintiff in error.

*Claud R. Caldwell,* contra.