81 B.R. 160 (1987)
In the Matter of William E. FLEEMAN, Debtor.
Ward STONE, Jr., Trustee, Plaintiff,
v.
DECATUR FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.
Bankruptcy No. 86-30263, Adv. No. 87-3001.
United States Bankruptcy Court, M.D. Georgia, Athens Division.
December 13, 1987.
*161 Wesley J. Boyer, Macon, Ga., for plaintiff.
George H. Myshrall, Jr., Atlanta, Ga., for defendant.
Ward Stone, Jr., Macon, Ga., pro se.

MEMORANDUM OPINION ON MOTIONS FOR SUMMARY JUDGMENT
ROBERT F. HERSHNER, Jr., Chief Judge.

STATEMENT OF THE CASE
On June 27, 1986, William E. Fleeman, Debtor, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On January 29, 1987, Ward Stone, Jr., Trustee, Plaintiff, filed a complaint against Decatur Federal Savings and Loan Association, Defendant, asserting that Defendant holds a security interest which has not been validly perfected under state law and therefore the security interest should be avoided under section 544 of the Bankruptcy Code.[1] Defendant filed an answer and counterclaim on March 2, 1987. By leave of Court, Plaintiff was allowed to file a late response to the counterclaim on May 5, 1987.[2]
The parties filed a joint stipulation of facts with the Court on May 14, 1987. Plaintiff and Defendant filed separate motions for summary judgment on June 25, 1987.
The Court, having considered the evidence and the briefs of counsel, now publishes its findings of fact and conclusions of law.

FINDINGS OF FACT
The following facts are established by the joint stipulation of facts filed by the parties with the Court on May 14, 1987.
*162 On September 20, 1985, for consideration, Debtor executed and delivered to Fairfield Financial Corporation a promissory note in the amount of $30,000, together with a deed to secure debt on realty located at 145 Wynter Court, Athens, Clarke County, Georgia. The deed to secure debt, along with an adjustable rate rider, was recorded on September 23, 1985 in the clerk's office of the Superior Court of Clarke County, Georgia.
Debtor's signature, duly notarized, appears on both the deed to secure debt and the adjustable rate rider. The signature of Phyllis M. Brooks appears on the adjustable rate rider as an unofficial witness. The deed to secure debt does not bear the signature of an unofficial witness.
On September 24, 1985, Defendant acquired the deed to secure debt from Fairfield Financial Corporation by assignment. The assignment was properly recorded in the clerk's office of the Superior Court of Clarke County, Georgia.
Debtor filed his petition for relief in bankruptcy on June 27, 1986. On December 16, 1986, Phyllis M. Brooks issued an affidavit stating that she witnessed Debtor's signature on the deed to secure debt. This affidavit was recorded on December 16, 1986 in the clerk's office of the Superior Court of Clarke County, Georgia.

CONCLUSIONS OF LAW
Plaintiff and Defendant have each moved for summary judgment in this adversary proceeding. In deciding whether to grant or deny a motion for summary judgment, the Court must follow the standard set forth in Bankruptcy Rule 7056,[3] which adopts Rule 56 of the Federal Rules of Civil Procedure[4] in its entirety. Rule 56(c) provides in pertinent part:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
Fed.R.Civ.P. 56(c).
Under the law of the state of Georgia, a deed to secure debt must be attested in the same manner as a mortgage in order for the deed to secure debt to be eligible for recordation. O.C.G.A. § 44-14-61 (1982). Thus, to be admitted to record, a deed to secure debt must be attested by one official witness and one unofficial witness. O.C.G.A. § 44-14-33 (1982). Under Georgia law, a recordation on insufficient attestation is equivalent to no recordation at all and the recording of an improperly attested deed is a mere nullity. In re Hammett, 286 F. 392 (N.D.Ga.1923); Propes v. Todd, 89 Ga.App. 308, 79 S.E.2d 346 (1953). Recordation of an improperly attested deed to secure debt does not provide constructive notice of the contents or existence of the deed. American Distributing Co. v. Reid, 101 Ga.App. 477, 114 S.E.2d 299 (Ga.Ct.App.1960).
A deed to secure debt is valid between the parties even if it is unattested or improperly attested. Central Bank & Trust Co. v. Creede, 103 Ga.App. 203, 118 S.E.2d 844 (1961) (citations omitted). Plaintiff is not a party to the deed to secure debt, however, as the Bankruptcy Code confers upon the trustee the status of a bona fide purchaser.[5] As a bona fide purchaser, Plaintiff has the power to avoid the transfer of an improperly attested deed to secure debt.[6]
The deed to secure debt in the present proceeding is improperly attested since it does not bear the signature of an unofficial witness. The recordation of the document is therefore ineffective to give notice and Plaintiff would appear to be able to avoid Defendant's security interest. Defendant, however, contends that the attestation of the adjustable rate rider attached *163 to and recorded with the deed to secure debt is sufficient to validate it. The Court, therefore, must determine the effect of the properly attested adjustable rate rider on the improperly attested deed to secure debt.
The deed to secure debt contains the following provision:
If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
The deed to secure debt then indicates that an adjustable rate rider was executed. A rider is a schedule or writing attached to a document and is deemed to be incorporated into the terms of that document. Black's Law Dictionary 1189 (5th ed. 1979).
By attesting a document, an individual signifies that he has witnessed the execution of the particular document. Black's Law Dictionary 117 (5th ed. 1979) (citations omitted). Thus, the signature of Phyllis M. Brooks, which appears on the adjustable rate rider, attests to the proper execution of that document only. Although the adjustable rate rider is incorporated into the terms of the deed to secure debt, the deed to secure debt itself remains improperly attested and ineligible for recordation.
On December 16, 1986, Defendant recorded the affidavit of Ms. Brooks in the clerk's office of the Superior Court of Clarke County, Georgia. In the affidavit, Ms. Brooks states that she actually saw Debtor sign the deed to secure debt on September 20, 1985. Even if there were some legal consequence to the recorded affidavit under state law, the Court need not consider such a legal argument in this adversary proceeding. Under section 362(a)(5) of the Bankruptcy Code, after the filing of a bankruptcy petition, a creditor may not act to perfect a lien against property of the debtor that secures a claim that arose before the bankruptcy case was commenced.[7] The recordation of Ms. Brooks' affidavit occurred after Debtor filed his petition for relief under Chapter 11. Thus, the recordation was done in violation of section 362(a)(5). Actions taken in violation of the automatic stay imposed by section 362 are void. Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir.1982).
Under section 544(a)(3), Plaintiff may avoid any transfer that could be avoided by a bona fide purchaser, regardless of any knowledge of Plaintiff. Since the recordation of an improperly attested deed to secure debt does not provide prospective purchasers with constructive notice, Plaintiff cannot be charged with having notice of Defendant's security interest. Plaintiff is therefore entitled to avoid Defendant's security interest under section 544(a)(3) of the Bankruptcy Code.
Defendant has filed a counterclaim in this adversary proceeding. The Court finds that the counterclaim fails to state a claim upon which relief may be granted, therefore the counterclaim must be dismissed.[8]
The Court finds that there are no material issues of fact in this adversary proceeding. Plaintiff has demonstrated that he is entitled to judgment as a matter of law, therefore the Court will grant Plaintiff's motion for summary judgment.
Defendant has also filed a motion for summary judgment. In light of the Court's decision, Defendant's motion must be denied.
Plaintiff requests that the costs of this adversary proceeding be taxed against Defendant. Plaintiff's request will be granted.
Defendant requests that the costs of this adversary proceeding be taxed against Plaintiff. Because Defendant has not prevailed *164 in this adversary proceeding, Defendant is not entitled to such an award.
NOTES
[1] 11 U.S.C.A. § 544 (West 1979 & Supp.1987).
[2] Plaintiff also filed a motion to set aside default on May 5, 1987. The motion was granted on August 28, 1987.
[3] R.Bankr.P. 7056.
[4] Fed.R.Civ.P. 56.
[5] See 11 U.S.C.A. § 544(a)(3) (West Supp.1987).
[6] Id. See Bank of Ringgold v. West Pub. Co., 61 Ga.App. 426, 6 S.E.2d 598 (1939) (rights of third parties are superior to rights of party to improperly attested mortgage).
[7] 11 U.S.C.A. § 362(a)(5) (West 1979 & Supp. 1987).
[8] R.Bankr.P. 7012(b); Fed.R.Civ.P. 12(b)(6).