In the Matter of Patricia Jackson UPDIKE, Debtor.

Patricia Jackson UPDIKE, Plaintiff,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF COLUMBUS, Defendant.

Bankruptcy No. 88–40318.
Adv. No. 88–4015.

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

Dec. 8, 1988.

Charles C. Carter, Columbus, Ga., for plaintiff.

Michael D. Smith, Columbus, Ga., for defendant.

Robert L. Coley, Atlanta, Ga., U.S. Trustee.

ROBERT F. HERSHNER, Jr., Chief Judge.

STATEMENT OF THE CASE

Patricia Jackson Updike, Plaintiff, filed a petition for relief under Chapter 11 of the

Bankruptcy Code on March 29, 1988. On April 8, 1988, Plaintiff filed a complaint against First Federal Savings and Loan Association of Columbus, Defendant. In her complaint, Plaintiff asserts that Defendant holds a security deed which may be avoided as a preference under section 547 of the Bankruptcy Code.[1] Defendant filed its answer on May 11, 1988.

Defendant filed a motion for summary judgment[2] on May 11, 1988. The Court denied Defendant's motion on June 20, 1988, expressing concern over the possible application of section 544 of the Bankruptcy Code.[3] On June 23, 1988, Defendant filed a motion for reconsideration, which the Court granted on July 15, 1988.[4]

Plaintiff filed a motion to amend her complaint on July 1, 1988.[5] The Court granted Plaintiff's motion on July 15, 1988. Plaintiff's amended complaint asserts a cause of action under sections 544 and 548 [6] of the Bankruptcy Code, as well as restating Plaintiff's original cause of action under section 547. Defendant filed its answer to the amended complaint on July 22, 1988.

On August 4, 1988, Plaintiff filed a motion for summary judgment on her claims under sections 544, 547, and 548. On August 11, 1988, Defendant filed a motion for summary judgment on Plaintiff's claims under section 544 and 548.[7]

A hearing in this adversary proceeding was held on August 23, 1988. The Court, having considered the arguments and briefs of counsel and the evidence presented, now publishes its findings of fact and conclusions of law.

## FINDINGS OF FACT

The facts in this adversary proceeding are generally undisputed. Resolution of this adversary proceeding centers upon three deeds to secure debt on Plaintiff's residence, located at 2305 Edgewood Road, Columbus, Georgia.

The first security deed was executed on December 4, 1986 between Plaintiff and Defendant. The security deed was given to secure a debt of $112,000, which sum was loaned to Plaintiff by Defendant. This first security deed was filed for recordation in the clerk's office of the Superior Court of Muscogee County, Georgia, on December 11, 1986. This first security deed is not signed by either an unofficial witness or a notary public.

The second security deed was executed on April 2, 1987 between Plaintiff and Green Island West, Inc. The Green Island West deed was given to secure a debt of $25,000. The Green Island West deed bears the signature of both an unofficial witness and a notary public, and has attached to it an addendum which states that the Green Island West deed is made subject to the first security deed between Plaintiff and Defendant. The Green Island West deed was filed for recordation in the clerk's office of the Superior Court of Muscogee County, Georgia, on April 9, 1987.

The third security deed is a rerecording of the first security deed between Plaintiff and Defendant. This third security deed is signed by both an unofficial witness and a notary public and was filed for recordation in the clerk's office of the Superior Court of Muscogee County, Georgia, on March 9, 1988. Plaintiff, however, denies having reexecuted the security deed in the presence of two witnesses.

Plaintiff filed for relief under Chapter 11 of the Bankruptcy Code on April 8, 1988.

## CONCLUSIONS OF LAW

Plaintiff and Defendant have each moved for summary judgment in this adversary

1. 11 U.S.C.A. § 547 (West 1979 & Supp.1988).

2. R.Bankr.P. 7056; Fed.R.Civ.P. 56.

3. 11 U.S.C.A. § 544 (West 1979 & Supp.1988).

4. Defendant also filed a notice of appeal which was abandoned upon the Court granting the motion for reconsideration.

5. R.Bankr.P. 7015.

6. 11 U.S.C.A. § 548 (West 1979 & Supp.1988).

7. Defendant's earlier motion for summary judgment on Plaintiff's claim under section 547 is also pending before the Court.

proceeding. In deciding whether to grant or deny a motion for summary judgment, the Court must follow the standard set forth in Bankruptcy Rule 7056,[8] which adopts Rule 56 of the Federal Rules of Civil Procedure [9] in its entirety. Rule 56(c) provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

Under the law of the state of Georgia, a deed to secure debt must be attested in the same manner as a mortgage in order for the deed to be eligible for recordation. O.C.G.A. § 44–14–61 (1982). Thus, to be admitted to record, a deed to secure debt must be attested by one official witness and one unofficial witness. O.C.G.A. § 44–14–33 (1982). Under Georgia law, a recordation on insufficient attestation is equivalent to no recordation at all and the recording of an improperly attested deed is a mere nullity. *In re Hammett*, 286 F. 392 (N.D.Ga.1923); *Stone v. Decatur Federal Savings and Loan Ass'n (In re Fleeman)*, 81 B.R. 160 (Bankr.M.D.Ga.1987); *Propes v. Todd*, 89 Ga.App. 308, 79 S.E.2d 346 (1953). Recordation of an improperly attested deed to secure debt does not provide constructive notice of the contents or existence of the deed. *American Distributing Co. v. Reid*, 101 Ga.App. 477, 114 S.E.2d 299 (1960).

A deed to secure debt is valid between the parties even if it is unattested or improperly attested. *Central Bank & Trust Co. v. Creede*, 103 Ga.App. 203, 118 S.E.2d 844 (1961) (citations omitted). Under Chapter 11, however, Plaintiff as a debtor in possession is vested with the same powers accorded a Chapter 11 trustee.[10] The Bankruptcy Code confers upon a trustee the status of a bona fide purchaser.[11] As a bona fide purchaser, Plaintiff has the power under the Bankruptcy Code to avoid the transfer of an improperly attested security deed under certain circumstances. *In re Fleeman*, 81 B.R. at 162.

In the present adversary proceeding, the first security deed is improperly attested since it does not bear the signature of either an unofficial witness or a notary public. The recordation of this document is therefore ineffective to give actual or constructive notice. Defendant, however, contends that the mention of the first security deed in the properly attested and recorded Green Island West deed is sufficient to give notice of the existence of the first security deed. Therefore, Defendant contends that its interest is protected against subsequent bona fide purchasers.

An improperly attested but recorded deed occupies the position of a deed that has never been recorded. *Propes*, 79 S.E.2d at 350. Thus, the first security deed is the same as an unrecorded deed under Georgia law. The Green Island West deed contained a reference to this "unrecorded" deed. " '[A] deed in the chain of title, discovered by the investigator, is constructive notice of all other deeds which were referred to in the deed discovered,' including an unrecorded plat included in the deed discovered." *Harper v. Paradise*, 233 Ga. 194, 210 S.E.2d 710, 714 (1974) (quoting *Talmadge Brothers & Co. v. Interstate Building & Loan Ass'n*, 105 Ga. 550, 31 S.E. 618 (1898)). " 'Where a deed is recorded, the record is not only constructive notice of the recorded deed and its contents, but it will also be notice of all other deeds and their contents to which reference is made in the recorded deed.' " *Commodity Credit Corp. v. Wells*, 188 Ga. 287, 3 S.E. 2d 642, 644 (1939) (quoting *Talmadge, supra*). " 'In order to bind a subsequent purchaser with notice, he must have ... knowledge of such facts as would set a prudent man upon inquiry; and, as a deduction from this rule, the law imputes to a

---

**8.** R.Bankr.P. 7056.

**9.** Fed.R.Civ.P. 56.

**10.** *See* 11 U.S.C.A. § 1107(a) (West Supp.1988).

**11.** *See* 11 U.S.C.A. § 544(a)(3) (West Supp.1988).

purchaser a knowledge of every fact which appears upon the muniments of title, or which one should inquire after in the investigation of the title.' " *Id.* 3 S.E.2d at 644 (quoting *Talmadge, supra*). Applying these rules to the facts presented, this Court must conclude that the reference in the Green Island West deed to the first security deed did provide notice of the existence of the first security deed. The first security deed was a valid security deed. Attestation is only a prerequisite for recordation; it does not affect the validity of a security deed. *See Hoover v. Mobley,* 198 Ga. 68, 31 S.E.2d 9, 12 (1944) (penalty for failure to execute the deed in the manner prescribed by the statute is a refusal to admit the same to record). Thus, Plaintiff may not use section 544(a)(3) to avoid Defendant's interest created by the first security deed.

█ Section 544(a)(1) affords Plaintiff the power to avoid any transfer of property that would be avoidable by a judgment lien creditor.[12] In a decision binding upon this Court, the former Fifth Circuit Court of Appeals held that an unrecorded security deed has priority over a judgment lien creditor under Georgia law. *Ivey v. Transouth Financial Corp., (In re Clifford),* 566 F.2d 1023, 1027 (5th Cir.1978).[13] Thus, Plaintiff may not avoid Defendant's first security deed under section 544(a)(1).

Having determined that Defendant's first security deed is a valid deed not avoidable by Plaintiff under section 544, the Court finds it unnecessary to address Plaintiff's claims under sections 547 and 548. Since the Court has determined that the first security deed is valid against Plaintiff, Defendant's security interest is not preferential under the provisions of section 547 and is not a fraudulent transfer under the provisions of section 548. In light of the Court's decision, the Court deems it unnecessary to address the validity of the third security deed. Defendant's

motion for summary judgment will be granted.

---

**12.** 11 U.S.C.A. § 544(a)(1) (West Supp.1988).

**13.** Fifth Circuit cases decided prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. Pritchard,* 661 F.2d 1206 (11th Cir.1981) (*en banc* ).