In re Lillie M. YEARWOOD, Debtor.

**Washington Mutual Home
Loans, Movant,**

v.

**Lillie M. Yearwood, Respondent.**

**No. 04–60862 JTL.**

United States Bankruptcy Court,
M.D. Georgia,
Thomasville Division.

Dec. 2, 2004.

———

R. Bruce Warren, Thomasville, GA, for Debtor.

Walter W. Kelley, Albany, GA, for Trustee.

### *MEMORANDUM OPINION*

JOHN T. LANEY, III, Bankruptcy Judge.

On October 27, 2004, the court held a hearing on Washington Mutual Home Loans' motion for Relief from the Stay in Valdosta. The Trustee opposed the motion because the security deed lacked an unofficial witness, and thus the Trustee alleged it was unperfected. At the conclusion of the hearing, the court took the matter under advisement. After considering the parties' briefs and oral arguments, as well as applicable statutory and case law, the court makes the following findings of fact and conclusions of law.

## ISSUE

Whether a notarized but otherwise unwitnessed security deed is unperfected, so that the Chapter 7 Trustee may avoid Movant's interest under Section 544 of the Bankruptcy Code.

## FACTS

In the present case, the Debtor signed a security deed to her residence with Mortgage Matters, Inc. on February 15, 2002. That deed was notarized, but not witnessed by an unofficial witness, and was recorded on February 18, 2002. On March 13, 2002 Mortgage Matters, Inc. assigned its interest to First Commerce Bank, who subsequently assigned its interest to Washington Mutual Home Loans ("Movant"). These assignments were both recorded that day. The Debtor filed for Bankruptcy on August 9, 2004. A scrivener's affidavit was recorded on August 23, 2004 by the closing attorney from the February 15, 2002 transaction, which stated that the attorney was an unofficial witness to the transaction.

## ANALYSIS

"O.C.G.A. § 44–14–61 requires that a deed to secure debt be attested in the same manner as a mortgage in order for the deed to be eligible for recordation. That is, the instrument must be attested by or acknowledged before an officer as prescribed for the attestation or acknowledgment of deeds, and in the case of real property, it must also be attested or acknowledged by an additional witness." *Leeds Building Products, Inc. v. Sears Mortgage Corp.*, 267 Ga. 300, 301, 477 S.E.2d 565, 567 (1996).

Both the Movant and the Respondent cite *In re Updike*, 93 B.R. 795 (Bankr. M.D.Ga.1988). In *Updike* the Plaintiff and Defendant executed a security deed on December 4, 1986. It was not notarized, nor was there an unofficial witness. It was recorded December 11, 1986. The Plaintiff executed a subsequent security deed to third party April 2, 1987, which was attested by an unofficial witness and was notarized. The second security deed had an attached addendum which stated that the second security deed was subject to the first security deed. This second deed was properly recorded on April 9, 1987. A third security deed executed between the Plaintiff and Defendant was signed by an unofficial witness and notary and was recorded on March 9, 1988. The third security deed was a rerecording of the first security deed.

As noted by the Respondent, the court stated that "the first security deed is improperly attested since it does not bear the signature of either an unofficial witness or a notary public. The recordation of this document is therefore ineffective to give actual or constructive notice... An improperly attested but recorded deed occupies the position of a deed that has never been recorded." *Updike*, 93 B.R. at 797. The court in *Updike* went on to find, however, that the second security deed, which acknowledged the first, was signed by the Debtor and properly attested, did provide notice. Thus, the deed in *Updike* was determined to be valid and not avoidable.

The Movant relates the subsequent assignments between the mortgage companies to the second security deed executed in *Updike*. However, an assignment is not the same as a second security deed. Unlike *Updike* where the Debtor signed and properly attested the subsequent security deed, Ms. Yearwood did not sign the assignment, which would reaffirm the original contract. The Movant does not provide any case law which suggests that an assignment of a improperly attested but recorded deed, which the *Updike* court considered a " mere nullity," would pro-

vide notice rendering the deed valid and not avoidable. *Id.* Further, this is a patent defect in the security deed, thus there is no constructive notice like that of a latent defect. *Leeds Building Products, Inc.,* 267 Ga. at 302, 477 S.E.2d at 568.

The court finds the security deed is unperfected. However, the Movant cites a case which finds that, "Georgia law grants priority to an unrecorded security deed over a subsequent judgment lien." *Ivey v. Transouth Financial Corp. (In re Clifford),* 566 F.2d 1023, 1027 (5th Cir.1978). The Trustee has not brought an action to avoid the nonperfected lien. If such an action is brought, the parties may argue the applicability of the *Ivey* case. The Trustee is directed to bring any such avoidance action within ninety days. If no such action is brought, the Movant may submit an order granting Relief from the Stay.

An order in accordance with this Memorandum Opinion will be entered.