TALMADGE BROTHERS & COMPANY *v.* INTERSTATE BUILDING & LOAN ASSOCIATION.

A registered security-deed reciting as matter of description that the land thereby conveyed is situated in a named city, county and State, and is "known and described in Wheeler's survey of the lands of the [grantor] as lot No. 3 in section 22; for more particular description of which lots the application for loan made by said [grantor] on [a

day stated] is hereby referred to," is sufficient to put a subsequent purchaser of this lot from the same grantor on notice as to what land was in fact conveyed by such deed.

Argued June 14, —Decided October 17, 1898.

Levy and claim.  Before Judge Hutchins.  Clarke superior court.  December 9, 1897.

An execution was levied on land, and a claim interposed.  A verdict was rendered finding the property subject to the execution, and claimant's motion for a new trial was overruled.  It appears that on June 15, 1893, the defendant in execution, by security-deed which was recorded two days later, conveyed to the National Tontine Building and Loan Association, predecessor of the plaintiff in fi. fa., land of the following description: "All that tract or parcel of land situate, lying and being in the city of Athens, county of Clarke and State of Georgia, and known and described in Wheeler's survey of the lands of the Athens Park and Improvement Co. as lot No. 3 in section 22; for more particular description of which lots the application for loan made by said Athens Park and Improvement Co. on April 22, 1893, is hereby referred to."  On April 19, 1894, the defendant in execution conveyed to the claimants' vendor, by deed recorded in the same month, "All that tract or parcel of land lying and being in Clarke county, Ga., in city of Athens near its western limits, containing one half acre more or less, and more particularly described as follows:  Beginning at a stone corner dividing said lot from lot of G. M. Booth on north side of Prince avenue, running thence in a northeastern direction along the line of Booth 197 feet to a stone corner, thence in a southern direction 197 feet to a stone corner on north side of Prince avenue, thence in a western direction along said Prince avenue 100 feet to the beginning corner; bounded on the east by said lands of Athens Park and Improvement Company, the same on the north, on west by said Booth, and on south by said Prince avenue."  The claimants took from the vendee of the defendant in fi. fa. a deed dated April 30, 1896, and duly recorded, conveying the same land as last described.  The execution was issued on August 18, 1896, and was a special lien upon property therein described in the same

manner as that described in the security-deed first mentioned, except that it makes no reference to the application for loan as giving a more particular description of the property.    The levy was made on September 9, 1896, on property described in the same words as in the execution.    Plaintiff introduced deed-book "PP," in the back of which was pasted a plat recorded December 16, 1896, bearing the following inscription: "Map of Athens Park and Improvement Co., known as Wheeler's survey, resurveyed by C. D. Flanigan."    This plat was divided into 38 sections, and each section subdivided into lots and numbers.    It was admitted by both parties, that the lot claimed in this case is the same described in the deed from defendant in fi. fa. to plaintiff in fi. fa. as lot number 3 in section 22 of Wheeler's survey and in the levy; also the same lot as described in the deed from defendant in fi. fa. to claimant's vendor (Cheatham); and that said vendor was in possession of the lot in dispute at the time of the levy.    The grounds of the motion for new trial appear in the opinion.

*John J. Strickland* and *Shackelford & Shackelford,* for plaintiffs.    *Samuel N. Evins,* contra.

LITTLE, J.    The statement of the case shows that on June 15, 1893, the Athens Park & Improvement Company conveyed to the Tontine Association, the predecessor in title of the defendant in error, a certain tract of land " in the city of Athens, county of Clarke and State of Georgia, and known and described in Wheeler's survey of the lands of the Athens Park & Improvement Company as lot No. 3 in section 22; for more particular description of which lots the application for loan made by said Athens Park & Improvement Company on April 22, 1893, is hereby referred to;" and that the same company on April 19, 1894, conveyed to Cheatham, who subsequently conveyed to the plaintiff in error, " all that tract and parcel of land lying and being in Clarke county, Georgia, in city of Athens, near its western limits, containing one half acre, more or less, and more particularly described as follows", then giving a detailed description of the land conveyed in this deed by metes and bounds. These instruments were duly recorded, and it was admitted that

the same lot of land was conveyed in each instrument, and the only question which arose was: Does the record of an older conveyance from the same grantor, who, after designating the State, city, and county in which the land lies, only further describes it by reference to a designated map and other papers, put the second purchaser upon notice as to what land was conveyed by the first instrument, under the rule of the statute that, as to subsequent purchasers, prior conveyances are notice from the time they are filed for record (Civil Code, § 2778) ?

Our Civil Code, § 3933, declares, that notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterward found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge, in fixing the rights of the parties. In the case of Cambridge Valley Bank v. Delano, 48 N. Y. 326, it was held: " Where a purchaser has knowledge of any fact sufficient to put a prudent man upon an inquiry which, if prosecuted with ordinary diligence, would lead to actual notice of some right or title in conflict with that he is about to purchase, it is his duty to make the inquiry, and if he does not make it, he is guilty of bad faith or negligence to such an extent that the law will presume that he made it, and will charge him with the actual notice he would have received if he had made it"; and this doctrine is supported by numerous authorities. Wade, Notice, § 17, and authorities cited. Where a deed is recorded, the record is not only constructive notice of the recorded deed and its contents, but it will also be notice of all other deeds and their contents to which reference is made in the recorded deed. Tiedeman, Real Property, § 817 b, and authorities cited. In order to bind a subsequent purchaser with notice he must have actual notice of the deed, or knowledge of such facts as would set a prudent man upon inquiry; and as a deduction from this rule the law imputes to a purchaser a knowledge of every fact which appears upon the muniments of title, or which one should inquire after in the investigation of the title. Thus a deed in the chain of title, discovered by the investigator, is constructive notice of all other deeds which were referred to in the deed discovered. Ibid, § 819, and authorities cited. It is presumed that a pur-

chaser has examined every deed and instrument affecting the title.    He is charged with notice of every fact shown by the records, and is presumed to know every other fact which an examination suggested by the records would have disclosed.    2 Devlin, Deeds, § 710a.    A deed, for a description of the land conveyed, may refer to another deed or to a map, and the deed or map to which reference is thus made is considered as incorporated in the deed itself.    Where the description is by courses and monuments and boundary-lines of other tracts of land, and then the deed declares that the description already made is to be according to a survey previously made by a certain person, the survey, by such reference, is incorporated into the deed.    2 Devlin, Deeds, § 1020.    See a very large number of cases cited in note 2.    The object of the registry acts is to enable purchasers to obtain accurate information respecting the title of any particular piece of land, and to accomplish this purpose it is essential that the description of the land in the conveyance should be reasonably certain and sufficient to enable subsequent purchasers to identify the premises intended to be conveyed; but while the description may be inaccurate, meager or erroneous, yet if it is expressed in such a manner or connected with such attendant circumstances as that a purchaser should be deemed to be put upon inquiry, if he fails to prosecute this inquiry he is chargeable with all the notice he might have obtained had he done so.    2 Devlin, Deeds, § 650.    Where one has sufficient information to lead him to a fact, he shall be deemed cognizant of it.    74 *Ga.* 120; 14 *Ga.* 157; 69 *Ga.* 92; 72 *Ga.* 297; 76 *Ga.* 823.

The plaintiff in error requested the court to charge the jury that, under the law, Cheatham, who was the grantee in the second conveyance, was charged with such notice only as appeared on the records, under the evidence; and that the plat referred to in the deed to the association, not being recorded at the time Cheatham's deed was executed, was not notice to Cheatham, and he got a good title to the lot by his deed, as against the plaintiff.    We see no error in the refusal of the court to so charge. Whether the deed to the association was or was not recorded was not necessarily material as affording notice to Cheatham.    The

reference in the deed to the association to the map, for description of the land conveyed, made such map a part of the description, and put subsequent purchasers upon inquiry to ascertain what was the description in such map. Record of that map was not necessary to charge him with notice, but the reference to it in the deed of conveyance was sufficient to put him on inquiry as to what land was conveyed.

It is further complained that the court erred in admitting in evidence, over the objection of claimants, the fi. fa. of the association against the Athens Park & Improvement Co., on the ground that the description of the property was insufficient in law; and because the court erred in admitting in evidence, over objection, the plat of the lands of the Athens Park & Improvement Company, on the ground that the same was not recorded until after the execution of the deed to Cheatham. It being admitted that the lot of land described in the deed to Cheatham and that in the deed to the association was in fact the same land, and the issue in the case being whether the grantee in the second conveyance was charged with notice of the description of the land as set out in the conveyance to the association, we do not think there was any error in the ruling of the court for the causes assigned by these exceptions; and the judgment of the court below is

*Affirmed. All concurring, except Lewis, J., disqualified.*