A95A0975. MULL et al. v. MICKEY'S LUMBER & SUPPLY COMPANY, INC.

(461 SE2d 270)

BIRDSONG, Presiding Judge.

Appellants/defendants Ricky E. Mull and Karen S. Mull appeal the order of the superior court granting partial summary judgment to appellee/plaintiff Mickey's Lumber & Supply Company, Inc., and denying appellants' cross-motion for summary judgment.

Appellee lumber company filed a materialmen's lien purportedly against the home of appellants Mull for building supplies used in construction of the home, and for which supplies appellee has not been paid.

Appellants purchased lots 20 and 21 in the Camelot Subdivision in Walton County; the subdivision was platted in county Plat Book 41, page 135. The lots were side by side and located at the end of a cul-de-sac. It was determined that lot 20 could not be built upon, so appellants' home was constructed on lot 21. A building permit for lot 21 was obtained and appellants entered a construction contract with the general contractor, Waterport Construction Company, whose president has since filed for bankruptcy. Both on the date of closing on the lots and the date of filing of the lien, each lot was taxed independently and separately by the county tax commissioner. No construction was performed on lot 20 and all materials purchased from appellee subcontractor were delivered to lot 21 where all construction occurred.

On November 25, 1992, within five days prior to the closing of the permanent loan on the property by appellants, appellee recorded the materialmen's lien. The lien document pertinently stated that appellee, a subcontractor and materialman, "hereby claims a lien . . . on the below described *building and real estate on which it is erected, or built*, owned by [appellants], for satisfaction of a claim . . . for furnishing of material and labor for the improvement of the following described property, said materials provided at the request of Waterport Builders. . . . 4th District . . . Land Lot 148, Camelot Subdivision, Unit 2, Lot 20, Walton County, Georgia, *and being more particularly described on a certain deed* recorded in Deed Book 423, page 144, Walton County, Georgia Records, (Plat Book 41, page 135)." (Emphasis supplied.) The warranty deed referred to in the lien document provides the following legal description of the two properties: "ALL THAT TRACT or parcel of land lying

and being in Land Lot 148 of the 4th District Walton County Georgia designated as Tract No. 20 containing 1.028 Acres more or less *and* Tract No. 21 containing 1.021 Acres more or less on plat titled final plat of Camelot Section Two per plat thereof recorded in Plat Book 41, Page 135, Walton County Records, which plat is made part hereof by reference." (Emphasis supplied.) The lien document contained no street address for the properties at issue, although each lot had a separate mailing address.

The trial court found the lien description to be legally sufficient notwithstanding that lot 21 rather than lot 20 was the lot location of the building against which the materialmen's lien was being filed. In so ruling, the trial court held, inter alia, that: "Essentially the lien described the correct county (Walton), land district (4th), land lot (148), subdivision name, deed book and page number. However, in the lien's land description, [appellee] plaintiff mistakenly described the subdivision lot number as 20 instead of the correct number 21. [Appellants] defendants own both lots 20 and 21, which are side by side, with the home being built on lot 21. The single deed, recorded in the book and page contained in the lien, describes both lots 20 and 21, providing the acreage of the lots individually. . . . The addition of the incorrect subdivision lot number is surplusage and does not render the lien void."

Appellants' sole enumeration is that the trial court erred in granting appellee's partial summary judgment, as to the sufficiency of the legal description of the materialmen's lien sought to be foreclosed upon by appellee, and in denying appellants' cross-motion for summary judgment which was based on a claim of inadequacy of the legal description. *Held*:

1. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). In ruling on a motion for summary judgment, an opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843).

2. The sufficiency of a property description in a legal document gives rise to a question of law for the court. *Peoples Bank of Bartow County v. Northwest Ga. Bank*, 139 Ga. App. 264, 266 (1) (228 SE2d 181). Appellants contend that the lien is void as the inclusion within the property description of the erroneous lot number "20" establishes that the lien was applied to and attached to the wrong property.

*Minor v. Neely*, 247 Ga. 253 (275 SE2d 333) is distinguishable and is not persuasive under the circumstances of this case. Also distinguishable is *King v. Rutledge*, 208 Ga. 172 (65 SE2d 801), concerning an appeal of an order sustaining a general demurrer and dismissing an amended equitable petition grounded solely on a claim of a special equitable lien.

OCGA § 44-14-361.1 prescribes in pertinent part the statutory procedure for filing a materialmen's lien; this statute is in derogation of the common law and must be strictly construed. *Womack Indus. v. B & A Equip. Co.*, 199 Ga. App. 660, 661 (1) (405 SE2d 880). Failure to follow the mandatory procedures of OCGA § 44-14-361.1 would render the lien unenforceable. OCGA § 44-14-361.1 (a); compare *D & T Glass v. Barrow Enterprises*, 172 Ga. App. 797 (325 SE2d 170). The filing for record of a claim of a materialmen's lien "shall be in substance" as provided in OCGA § 44-14-361.1 (a) (2); thus, the filing of a claim of lien need not be identical in content to the form prescribed in this subsection. The test for sufficiency of a description in a legal document is whether it makes possible the identification of the real or personal property described. Compare OCGA § 44-14-361.4 (a) (4); see *Guthrie v. Pilgrim Realty Co.*, 156 Ga. App. 692 (1) (275 SE2d 686); see also OCGA § 11-9-110. If the description meets this basic test, the lien is not rendered unenforceable. Compare *Broxton &c. Stone Works v. Jowers*, 4 Ga. App. 91 (60 SE 1012). The issue therefore is whether the property description in question failed to identify sufficiently the real estate against which the lien was claimed. A description in a deed, contract for the sale of land, or a claim of lien on real estate, in order to be valid must identify the land or must contain a key by the use of which the description may be applied by extrinsic evidence. *Brasher v. Tanner*, 256 Ga. 812, 814 (1) (353 SE2d 478); *Blumberg v. Nathan*, 190 Ga. 64, 65-66 (8 SE2d 374). The concept of a "key" has been subject to misapplication; basically, any descriptive words in the claim of lien on real estate or other legal document requiring a legal description of land which will *lead* definitely to the land therein will constitute a key. Id. However, " '[i]f such words, *when aided by extrinsic evidence*, fail to locate and identify a certain tract of land, the description fails and the instrument is void.' " (Emphasis supplied.) *Brasher*, supra at 814 (1). Thus, key words do not stand or fall exclusively of their own weight but can be "aided by extrinsic evidence," so long as such process leads definitely to the land being described in the legal instrument.

We must now determine whether the claim of lien did contain an adequate key, when aided by extrinsic evidence, so as to render the property description sufficient. In this regard, it suffices if the "key" leads definitely to the identification of the property being described *when aided by extrinsic evidence. Brasher*, supra. In the case sub

judice the "key," even when aided by extrinsic evidence, fails to lead definitely to the identification of lot number 21 as the property subject to the lien. Although the lien document references a deed which has two lots on it, the document also references a plat which clearly identifies lot 20 as a separate lot, and does not infer that the lot 20 in the lien document could apply to any other lot but lot 20 of the plat.

Courts are not at liberty to revise contracts under the guise of professing to construe them. *Brigadier Indus. Corp. v. Pippin*, 148 Ga. App. 145, 146 (251 SE2d 114). Moreover, statutes involving a materialman's lien must be strictly construed in favor of the property owner and against the materialman. *Palmer v. Duncan Wholesale*, 262 Ga. 28, 29-30 (1) (413 SE2d 437). Here the lien document, due to a unilateral mistake by the appellee, inaccurately described the property subject to the attempted lien, and no adequate "key" can be found in this instance to remedy this fatal deficiency. Accordingly, grant of partial summary judgment to appellee must be reversed. The appellate process affords this Court no latitude to make adjustments for the ill-earned good fortune of the lucky or the heart-rending misfortune of the unlucky. *Floyd S. Pike Elec. Contractors v. Williams*, 207 Ga. App. 86, 89 (2) (e) (427 SE2d 67).

We decline to determine whether appellee may still amend its complaint to seek recovery against appellants on a claim of unjust enrichment.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED JULY 24, 1995 —
RECONSIDERATION DENIED AUGUST 15, 1995 — 

*Davidson & Fuller, Stephen P. Fuller*, for appellants.
*Michael J. King*, for appellee.