A95A2810. McDONALD v. COCA-COLA ENTERPRISES, INC.
(469 SE2d 805)

McMURRAY, Presiding Judge.

David McDonald filed an action, based on respondeat superior, against Coca-Cola Enterprises, Inc. ("Coca-Cola"), alleging that he was injured when a Coca-Cola employee negligently backed a tractor-trailer into his arm during a docking maneuver at a warehouse where McDonald was employed as a forklift operator. Coca-Cola denied the material allegations of the complaint and later filed a motion for summary judgment, asserting that any injuries McDonald sustained were the result of a failure to exercise ordinary care for his own safety. The evidence, construed with an eye toward upholding McDonald's cause of action, *Mull v. Mickey's Lumber &c. Co.*, 218 Ga. App. 343, 344 (1) (461 SE2d 270), reveals the following.

On November 13, 1992, Ronald Holcomb backed an empty tractor-trailer rig into a docking port at a warehouse to pick up a load of soft drink cans for his employer, Coca-Cola. McDonald, who was responsible for loading the trailer, determined that he could not insert his forklift ramp because Holcomb had parked the trailer too close to the loading bay's wall. McDonald thus called for Holcomb to move the trailer forward and, in compliance with this command, Holcomb slowly pulled the rig away from the wall. As soon as sufficient clearance opened between the trailer and the loading bay's wall (about six to eight inches), McDonald stuck his arm through the gap to signal for Holcomb to stop. The trailer, however, suddenly lurched back and crushed McDonald's arm against the wall. McDonald was pinned for a few seconds and then released. He fell dazed and noticed a bone protruding from his arm.

This appeal followed an order granting Coca-Cola's motion for summary judgment. *Held*:

"Except in plain, palpable and undisputed cases where reasonable minds cannot differ as to the conclusions to be reached, questions of negligence, proximate cause, including the related issues of foreseeability, assumption of risk, lack of ordinary care for one's own

safety, lack of ordinary care in avoiding the consequences of another's negligence, contributory and comparative negligence are for the jury. [Cits.]" *Wade v. Mitchell*, 206 Ga. App. 265, 268 (4) (424 SE2d 810). The case sub judice does not fall within the exception. That is, we cannot say (as a matter of law) that it was unreasonable for McDonald to stick his hand between the gap that was opening between the loading bay's wall and the trailer in order to signal Coca-Cola's truck driver to stop. Such questions are for a jury, not the trial court upon summary adjudication. Accordingly, there being genuine issues of material fact regarding Holcomb's alleged negligent operation of Coca-Cola's truck and McDonald's alleged failure to watch out for his own safety, the trial court erred in granting Coca-Cola's motion for summary judgment.

The dissent's statement that McDonald committed a " 'manifestly foolhardy' " act for giving hand signals to Coca-Cola's driver as his truck was pulling away from the loading bay wall improperly assumes the role of the factfinder in such cases. Whether a similarly situated loading bay laborer would or would not have acted as McDonald did, under the same or similar circumstances, is not a matter within the natural province of the court, but is a question uniquely suited for general consideration of the jury.

*Judgment reversed. Pope, P. J., Johnson, Blackburn and Smith, JJ., concur. Andrews, J., dissents. Beasley, C. J., Birdsong, P. J., and Ruffin, J., disqualified.*

ANDREWS, Judge, dissenting.

Because I find the sole proximate cause of McDonald's injury was his failure to exercise ordinary care for his own safety, I respectfully dissent from the majority's position.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A movant/defendant who will not bear the burden of proof at trial need not affirmatively disprove the plaintiff's case; instead, the defendant's burden may be discharged by showing an absence of evidence to support at least one essential element of the plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In this case, the material facts are undisputed. McDonald told the driver of the 48-foot-long tractor-trailer rig to pull his truck forward a few inches, and, while the driver was pulling forward, McDonald put his arm in the approximately six- to eight-inch space between the trailer and the warehouse wall to signal the driver to stop. McDonald was not asked to signal the driver, and he did not tell the truck driver to watch for his signal. McDonald now admits it was un-

safe for him to put his arm out there. McDonald testified that while he now knows it was unsafe to put his arm out, he "never even thought about it before."

"One who recklessly tests an observed and clearly obvious peril is guilty of lack of ordinary care." *Brooks v. Douglas*, 154 Ga. App. 54, 58 (267 SE2d 495) (1980) (physical precedent only). In order for a court to find as a matter of law that the plaintiff's contributory negligence is the proximate cause of the injury, the danger must be near enough as to make the plaintiff's act so "manifestly foolhardy" that it "would not be undertaken by an ordinarily prudent person." *Brooks*, supra at 59.

Accordingly, based on McDonald's own testimony, I find the act of placing one's arm in a six- to eight-inch space between a moving tractor-trailer truck and a wall is a "manifestly foolhardy" act given the obviously near and immediate danger. Therefore, I find that, as a matter of law, McDonald failed to exercise ordinary care for his own safety and this failure to exercise ordinary care was the sole proximate cause of his injury. Thus, as the defendant has satisfied his burden of showing an absence of evidence to support an essential element of the plaintiff's case, I would affirm the trial court's granting of summary judgment to Coca-Cola.

DECIDED MARCH 11, 1996 — 

*Finch, McCranie, Brown & Thrash, Charles E. McCranie, Thomas W. Thrash, Jr.*, for appellant.
*Rowe, Foltz & Martin, Stephen M. Katz*, for appellee.