## A07A1237. DUNN et al. v. TELFAIR COUNTY.
(653 SE2d 537)

BARNES, Chief Judge.

Barnie Franklin Dunn II stepped into an open manhole while clearing brush for his employer, Asplundh Tree Expert Company, and suffered severe injuries. He brought a premises liability suit against several defendants, including Telfair County,[1] which subsequently moved for summary judgment. The trial court granted the motion, and Dunn appeals. For the reasons that follow, we affirm.

Dunn contended that Telfair County is liable for his resulting injuries because it maintained the right of way beside the nearby county road and its employees must have knocked the manhole cover off in the negligent exercise of their ministerial duties. Alternatively, Dunn argues that Telfair County's sovereign immunity is waived under OCGA § 33-24-51 because its employees were operating a "motor vehicle" covered by the county's liability insurance. The county asserts that it cannot determine whether it owns the property where Dunn fell, but assuming for purposes of the motion that it does, it is still entitled to summary judgment on the ground of sovereign immunity, among others. In a thorough, well-reasoned order, the trial court agreed that Telfair County is entitled to sovereign immunity.

On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Ford v. Bank of America Corp.*, 277 Ga. App. 708 (627 SE2d 376) (2006). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Wachovia Bank v. Moody Bible Institute &c.*, 283 Ga. App. 488, 489 (642 SE2d 118) (2007).

So viewed, the evidence shows that the City of Helena holds an easement on this property to maintain its water and sewer systems into which the manhole led, and Georgia Power Company holds an easement on the property to maintain its power lines. Georgia Power hired Asplundh, Dunn's employer, to clear trees from its easement under the power lines, but not to mow the grass or keep the ground clear. Dunn's foreman was driving a tractor and pulling a bush hog, which is a big mower deck, to clear out the small trees. Dunn was following behind, hand-sawing tree stubs the tractor left behind. After the foreman cleared the strip beside the manhole, he turned the

---

[1] The other defendants are the City of McRae, the City of Helena, Georgia Power Company, and Association Center.

tractor around and stopped because he was finished in that area. Dunn cleared limbs and grass from the front of the tractor, then stepped backward into the open manhole. One leg went into the hole, the other leg did not, and Dunn fell onto his back against the edge of the hole. The foreman had not seen the manhole or the nearby cover, both of which were obscured by grass, kudzu and briars, and did not knock the cover off himself.

The manhole was located 25 feet from the edge of a county road. Two Telfair County employees mowed the county right-of-way beside this road, using two tractors with bush hogs. Each bush hog blade was about seven feet across, so with the two machines the employees mowed out fourteen feet from the edge of this particular road. While sometimes they would mow a third strip out in their discretion if the terrain permitted, in this location a nearby ditch and railroad track prevented them from mowing out as far as the manhole in question. Both employees testified that they had never knocked the cover off a manhole, which would have torn up the equipment. They look for objects in the area they are mowing so they do not tear up the equipment, but they do not inspect the area further out, including the manholes owned by Helena.

1. Dunn first argues that the county is liable because it has insurance covering damages caused by motor vehicles, the county tractors are motor vehicles, and employees using the tractor knocked the cover off and caused his damages.

Counties are entitled to sovereign immunity unless that immunity is specifically waived by statute. *Woodard v. Laurens County*, 265 Ga. 404, 405 (1) (456 SE2d 581) (1995). OCGA § 33-24-51 (a) specifically waives that immunity when a county purchases insurance to cover damages "arising by reason of ownership, maintenance, operation, or use of any motor vehicle," to the extent of the amount of insurance. Dunn argues that his injuries were caused by a Telfair County employee's negligent operation of a bush hog, either by failing to report an open manhole or by pushing the cover off with the machine. But no evidence in the record supports the allegation that an employee knocked the cover off or had a duty to inspect and report a missing cover. Dunn contends that the evidence supports the inference that a county employee was responsible for moving the cover because no one else mowed in that general area and because one of the employees initially testified that he had backed up to the manhole while mowing the area,[2] but "an inference cannot be based upon evidence which is too uncertain or speculative or which raises

---

[2] In the employee's errata sheet he said that he had misunderstood which manhole they were talking about and that he had never approached the one into which Dunn fell.

merely a conjecture or possibility." (Citation and punctuation omitted.) *Purvis v. Steve*, 284 Ga. App. 116, 118-119 (1) (643 SE2d 380) (2007). Dunn must introduce evidence that "affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough." *Tuggle v. Helms*, 231 Ga. App. 899, 902-903 (2) (499 SE2d 365) (1998).

2. Dunn also argues that the employees are not entitled to official immunity for their negligent ministerial acts, and thus the county is liable under the theory of respondeat superior. A government employee may be personally liable for negligent ministerial acts but cannot be held liable for discretionary acts unless they are "wilful, wanton, or outside the scope of his authority." *Gilbert v. Richardson*, 264 Ga. 744, 752 (6) (452 SE2d 476) (1994). But as we held in Division 1, Dunn has presented no evidence that a county employee committed any act, whether discretionary or ministerial. Pretermitting whether he had to name the individual employees before he could hold the county responsible for their actions, in the absence of such evidence suit against the county is barred by sovereign immunity.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 1, 2007.

*Russell M. Boston, Wendy S. Boston*, for appellants.
*Buckley Brown, Kelly L. Christopher*, for appellee.