A07A1981. DELJOO v. SUNTRUST MORTGAGE, INC. et al.

(657 SE2d 319)

RUFFIN, Judge.

SunTrust Mortgage, Inc. financed Doris Milton's purchase of a residence in the Villas at Hidden Hills subdivision. Shakrookh, a/k/a Daniel, Deljoo holds a security deed on the property; SunTrust and Milton were unaware of the security deed at the time Milton purchased the property. SunTrust sued Deljoo, seeking to cancel the security deed or otherwise quiet title in the property as to Deljoo's security deed.[1] Deljoo filed a motion for summary judgment, as did SunTrust and Milton. The trial court granted SunTrust and Milton's motion for summary judgment and denied Deljoo's motion. Deljoo appeals and, for reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[2] We apply a de novo standard of review to an appeal from the grant or denial of summary judgment, and we view the evidence and all reasonable inferences drawn from it in a light favorable to the nonmoving party.[3] The record reflects that Vanguard Builders and Developers, LLC purchased the lot at issue from S & F Construction in August 2001; the purchase agreement referenced only an outstanding loan from Tucker Federal Bank. In June 2005 Milton purchased from Vanguard the following property:

[a]ll that tract or parcel of land lying and being in Land Lot 28 of the 16th District, DeKalb County, Georgia, being Lot 16, Villas at Hidden Hills Subdivision, as per plat thereof recorded in Plat Book 109, page 40, DeKalb County, Georgia Records, which recorded plat is incorporated herein by reference and made a part of this description.

---

[1] SunTrust also named Milton as a defendant.

[2] See OCGA § 9-11-56 (c).

[3] See *Dunn v. Telfair County*, 288 Ga. App. 200 (653 SE2d 537) (2007).

When Milton purchased the property, Vanguard executed an owner's affidavit stating that "there are no encumbrances or liens of any nature against said property that are not being paid in full and satisfied by affiant as a result of the transaction wherein this affidavit is given nor is there any other person or entity claiming any interest therein, EXCEPT: [n]one."

Deljoo's security deed from S & F Construction, Inc., executed in December 2000, referred to the same property, but mistakenly described it as "being in Land Lot *18* of the 16th District, DeKalb County, Georgia."[4] The title examination performed for Milton did not reveal Deljoo's security deed.[5] No payoff to Deljoo was made at Milton's closing. The trial court concluded that the incorrect land lot number in the legal description of Deljoo's deed took it outside the chain of title, and that SunTrust and Milton were therefore bona fide purchasers without notice of Deljoo's deed and entitled to summary judgment.

1. Deljoo argues that the trial court erred in finding that the incorrect land lot number in the legal description of his security deed takes the deed outside the chain of title. Under Georgia's recording statutes, a properly recorded lien gives constructive notice of the lien to purchasers.[6] If SunTrust and Milton did not have actual or constructive notice of the Deljoo deed at the time the property was purchased, then they are bona fide purchasers without notice and are not bound by the Deljoo deed.[7] Deljoo does not contend that SunTrust and Milton had actual knowledge of his deed, but relies on the constructive knowledge that he claims was created by the recordation of the deed, albeit with an incorrect land lot number.

In establishing the chain of title, a purchaser or his or her agent must search the grantor index for each name in the property's chain of title to locate any relevant mortgages, liens, or judgments against the property.[8] A purchaser is protected, however, when the real estate

---

[4] (Emphasis supplied.)

[5] Deljoo never owned the property at issue; rather, S & F Construction gave him the deed to secure a debt of $204,000 due in December 2002. We note that the security deed, even with an incorrect legal description of the property, may still be enforceable as between the parties to the deed. See *Tidwell v. Bassett*, 271 Ga. App. 867, 868-869 (611 SE2d 123) (2005) (deed may be reformed "where by mistake of the scrivener and by oversight of the parties, the writing does not embody or fully express the real contract of the parties").

[6] See *Greer v. Provident Bank*, 282 Ga. App. 566, 568-569 (639 SE2d 377) (2006).

[7] See *Bonner v. Norwest Bank Minnesota*, 275 Ga. 620, 621 (1) (571 SE2d 387) (2002) (" 'Where a purchaser of land from one in possession, who holds a deed thereto that is absolute on its face, has paid the purchase[ ] price and taken possession, parties claiming an equity therein of which the purchaser had no notice are not entitled to have the purchaser's deed canceled.' ").

[8] See 3 Daniel F. Hinkel, Pindar's Georgia Real Estate Law and Procedure § 26-5, at 40-41 (6th ed.).

records do not provide notice of such an interest.[9] The notice required under Georgia's recording statutes is that "sufficient to place a person of ordinary prudence fully upon his guard and induce serious inquiry."[10] Where, as here, the description of the property in the deed registered is incorrect, the purchaser cannot be expected to identify the deed as one attaching to the property at issue.[11] The purpose of Georgia's recording statutes is to protect innocent parties from deeds that are not properly recorded.[12] Under these circumstances, as between Deljoo, who had the ability to protect his interest by filing a deed with the correct property description, and a bona fide purchaser relying on the deed records, equity favors the bona fide purchaser.[13]

Deljoo argues that the description of the property in his deed is "self-correcting" because it contains, in addition to the incorrect land lot number, a correct reference to the subdivision plat. When "a legal description incorporates a recorded plat by reference, it has the same effect as if the plat were written out in the deed."[14] The cases cited by Deljoo, however, involve the correction of a mistake in a deed as between the parties to the deed.[15] We find no authority for applying this rule of construction to a third-party bona fide purchaser without notice.[16]

And while descriptive words in a legal document may be used as a "key" to identify property whose description is otherwise vague,

---

[9] See *Whiten v. Murray*, 267 Ga. App. 417, 421 (2) (599 SE2d 346) (2004); see generally *Harpagon Co. v. Gelfond*, 279 Ga. 59, 61 (1) (608 SE2d 597) (2005) (tax deed incorporating incorrect legal description was internally inconsistent and thus did not convey legal title; "[a] description of property contained in a deed must be sufficient to identify the land being sold").

[10] (Punctuation omitted.) *Leeds Bldg. Products v. Sears Mtg. Corp.*, 267 Ga. 300, 301 (1) (477 SE2d 565) (1996).

[11] See id.; see, e.g., *Hancock v. Gumm*, 151 Ga. 667, 678 (107 SE 872) (1921) (purchaser of lot is not charged with notice of covenant in a prior deed from common grantor to a different lot in the subdivision); compare *VATACS Group, Inc. v. HomeSide Lending*, 276 Ga. App. 386, 392-393 (2) (623 SE2d 534) (2005) (chain of title includes all recorded instruments referencing property executed by an entity then holding an interest in the property).

[12] See OCGA § 44-2-1; *Lionheart Legend, Inc. v. Norwest Bank Minnesota Nat. Assn.*, 253 Ga. App. 663, 667 (560 SE2d 120) (2002).

[13] See OCGA § 23-2-34 ("Equity will grant relief as between the original parties or their privies in law, in fact, or in estate, except bona fide purchasers for value without notice."); see, e.g., *In the Matter of Fulton Air Svc.*, 254 Ga. 649, 650 (333 SE2d 581) (1985) (bankruptcy trustee who was bona fide purchaser under bankruptcy statutes favored over State, which failed to properly record tax liens); *Eavenson v. Parker*, 261 Ga. 607, 608 (3) (409 SE2d 520) (1991) (where husband failed to record judgment in divorce awarding property to him, purchaser of wife's share of property was bona fide purchaser without notice).

[14] *Anderson v. Commonwealth Land Title Ins. Co.*, 284 Ga. App. 572, 576 (644 SE2d 414) (2007).

[15] See *Furney v. Dukes*, 226 Ga. 804 (177 SE2d 680) (1970); *Harmon v. First Nat. Bank of Columbus*, 50 Ga. App. 3 (176 SE 833) (1934).

[16] See *Gauker v. Eubanks*, 230 Ga. 893, 896 (1) (199 SE2d 771) (1973) (" 'The mistake of the parties to a deed cannot be rectified to the injury of an innocent third party who has parted with his money or extended credit on the faith of the deed.' ").

Deljoo has not pointed to any evidence of what description of the property actually appeared in the grantor index.[17] Thus, we cannot conclude that the description was sufficient to put SunTrust and Milton on notice. We affirm the trial court's grant of summary judgment to SunTrust and Milton.[18]

2. Because of our holding in Division 1, we need not address Deljoo's remaining enumerations of error.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 30, 2008

*Shawn M. Winterich,* for appellant.

*McIlhinney & Sessions, Sean J. McIlhinney, Beloin, Brown, Blum & Bear, Laura A. DeMartini, Jeffrey M. Fishman,* for appellees.

---

[17] See *Mull v. Mickey's Lumber & Supply Co.*, 218 Ga. App. 343, 345 (2) (461 SE2d 270) (1995) ("A description in a deed, contract for the sale of land, or a claim of lien on real estate, in order to be valid must identify the land or must contain a key by the use of which the description may be applied by extrinsic evidence.").

