S08G0950. DELJOO v. SUNTRUST MORTGAGE, INC. et al.

(668 SE2d 245)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Deljoo v. SunTrust Mtg.*, 289 Ga. App. 396 (657 SE2d 319) (2008) to address whether a duly recorded deed to secure debt on certain real property was outside the chain of title where it incorrectly identified the land lot number but otherwise identified the parcel by reference to a subdivision plat.

In 2001 S & F Construction sold lot 16 in the Villas at Hidden Hills subdivision to Vanguard Builders and Developers, LLC, which

in turn sold the property to appellee Doris Milton in 2005. Milton obtained financing from appellee SunTrust Mortgage, Inc. ("SunTrust"). Previous to those conveyances, S & F Construction gave appellant Daniel Deljoo a deed to secure debt to the property as security for a $204,000 loan. Deljoo's deed, which was filed of record in 2000, referred to the same property but mistakenly described it as being in Land Lot 18, instead of the correct designation Land Lot 28. The legal description appended as Exhibit "A" to Deljoo's security deed, provided as follows: "All that tract or parcel of land lying and being in Land Lot 18 [sic] of the 16th District, DeKalb County, Georgia, being Lots 15 and 16, Villas at Hidden Hills, as per plat recorded in Plat book 109, page 40, DeKalb County Records, which plat is incorporated herein by reference thereto."[1] Other than the incorrect land lot designation, the property description is identical to that contained in the conveyance from Vanguard to Milton. A title examination performed for Milton failed to reveal Deljoo's security deed.

SunTrust sued Deljoo and Milton seeking cancellation of the security deed. All parties filed motions for summary judgment. The trial court granted summary judgment to SunTrust and Milton, concluding that the error in Deljoo's deed took it out of the chain of title and that Milton and SunTrust were bona fide purchasers for value without notice of the deed. The Court of Appeals affirmed. *Deljoo*, supra. For the reasons that follow, reversal is mandated.

"[T]he filing and recordation of an instrument provides constructive notice to subsequent purchasers of the existence of a prior interest in the property." *Leeds Bldg. Products v. Sears Mtg. Corp.*, 267 Ga. 300, 301 (1) (477 SE2d 565) (1996). See also OCGA § 44-2-2 (b) (notice to third parties takes effect when instrument filed for record in the clerk's office).

For more than a century, it has been recognized that a purchaser of land in this state "is charged with notice of every fact shown by the records, and is presumed to know every other fact which an examination suggested by the records would have disclosed." *Talmadge Bros. & Co. v. Interstate Bldg. & Loan Assn.*, 105 Ga. 550, 554 (31 SE 618) (1898). See also OCGA § 23-1-17 (notice sufficient to put a party on inquiry shall be notice of everything to which it is afterward found that such inquiry might have led). Although

> it is essential that the description of the land in the
> conveyance should be reasonably certain and suf-

---

[1] The parcel in issue is lot 16. The loan secured by lot 15 was satisfied and the lien was released prior to the sale to Milton; lot 15 is not involved in this litigation.

ficient to enable subsequent purchasers to identify the premises intended to be conveyed; but while the description may be inaccurate, meager or erroneous, yet if it is expressed in such a manner or connected with such attendant circumstances as that a purchaser should be deemed to be put upon inquiry, if he fails to prosecute this inquiry he is chargeable with all the notice he might have obtained had he done so.

*Talmadge*, supra at 554. See also *Commodity Credit Corp. v. Wells*, 188 Ga. 287 (2) (3 SE2d 642) (1939) (meager description will suffice for notice purposes when accompanied by reference to other mortgage containing correct description); *Smith v. Fed. Land Bank of Columbia*, 181 Ga. 1 (1) (181 SE 149) (1935) (deed was not void because of insufficient description where it listed the property in the wrong district but contained other correct identifying information). The reference in Deljoo's deed to the Villas at Hidden Hills subdivision plat by book and page number "is considered as incorporated in the deed itself." *Talmadge*, supra at 554.

The Court of Appeals correctly acknowledged that " 'a legal description [that] incorporates a recorded plat by reference . . . has the same effect as if the plat were written out in the deed.' [Cit.]" *Deljoo*, supra at 398. However, the court erroneously concluded that "the purchaser cannot be expected to identify the deed as one attaching to the property," id., because of a partially incorrect property description. "It is only when a description is manifestly too meager, imperfect, or uncertain to serve as adequate means of identification that the court can adjudge the description insufficient as [a] matter of law." *Wells*, supra at 290. Here, the incorporation of the subdivision plat provided a key to locating the property.

In addition, the Court of Appeals created an erroneous dual standard — that a partly incorrect legal description may be sufficient as between grantor and grantee, and though recorded, is insufficient to give constructive notice. That reasoning ignores more than 100 years of our jurisprudence which provides for broad constructive notice upon recording. *Talmadge*, supra; *Wells*, supra.

We restate with approval the holding in *Talmadge*, supra at 553: "Where a deed is recorded, the record is not only constructive notice of the recorded deed and its contents, but it will also be notice of all other deeds and their contents to which reference is made in the recorded deed." Accordingly, we reverse the judgment of the Court of Appeals and remand for consideration of remaining enumerations of error.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*Shawn M. Winterich*, for appellant.

*Beloin, Brown, Blum & Baer, Frederic S. Beloin, Charles W. Brown, Laura D. Eschleman, McIlhinney & Sessions, Sean J. McIlhinney, Daniel B. Sessions, Jeffrey, Martin & Fishman, Jeffrey M. Fishman, Monica Cunningham*, for appellees.

*Heyman & Sizemore, William B. Brown, Jacqueline Marcucci*, amici curiae.