A07A1981. DELJOO v. SUNTRUST MORTGAGE, INC. et al.
(671 SE2d 234)

RUFFIN, Presiding Judge.

SunTrust Mortgage, Inc. financed Doris Milton's purchase of a residence in the Villas at Hidden Hills subdivision. Shakrookh, a/k/a Daniel, Deljoo holds a security deed on the property; SunTrust and Milton were unaware of the security deed at the time Milton purchased the property. SunTrust sued Deljoo, seeking to cancel the security deed or otherwise quiet title in the property as to Deljoo's security deed.[1] Deljoo filed a motion for summary judgment, as did SunTrust and Milton. The trial court granted SunTrust and Milton's motion for summary judgment and denied Deljoo's motion. Deljoo appeals and, for reasons that follow, we affirm in part and reverse in part.

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[2] We apply a de novo standard of review to an appeal from the grant or denial of summary judgment, and we view the evidence and all reasonable inferences drawn from it in a light favorable to the nonmoving party.[3]

The record reflects that Vanguard Builders and Developers, LLC purchased the lot at issue from S & F Construction in August 2001; the purchase agreement referenced only an outstanding loan from Tucker Federal Bank. In June 2005 Milton purchased from Vanguard the following property:

> [a]ll that tract or parcel of land lying and being in Land Lot 28 of the 16th District, DeKalb County, Georgia, being Lot 16, Villas at Hidden Hills Subdivision, as per plat thereof recorded in Plat Book 109, page 40, DeKalb County, Georgia

---

[1] SunTrust also named Milton as a defendant.

[2] See OCGA § 9-11-56 (c).

[3] See *Dunn v. Telfair County*, 288 Ga. App. 200 (653 SE2d 537) (2007).

Records, which recorded plat is incorporated herein by reference and made a part of this description.

When Milton purchased the property, Vanguard executed an owner's affidavit stating that "there are no encumbrances or liens of any nature against said property that are not being paid in full and satisfied by affiant as a result of the transaction wherein this affidavit is given nor is there any other person or entity claiming any interest therein, EXCEPT: [n]one."

Deljoo's security deed from S & F Construction, Inc., executed in December 2000 (the "Deljoo deed"), referred to Lots 15 and 16 of the Villas at Hidden Hills, but mistakenly described them as "being in Land Lot *18* of the 16th District, DeKalb County, Georgia."[4] The title examination performed for Milton did not reveal the Deljoo deed.[5] No payoff to Deljoo was made at Milton's closing. The trial court concluded that the incorrect land lot number in the legal description of the Deljoo deed took it outside the chain of title and that Milton and SunTrust were therefore bona fide purchasers without notice of the Deljoo deed and entitled to summary judgment.

1. Deljoo argues that the trial court erred in finding that the incorrect land lot number in the legal description of his security deed takes the deed outside the chain of title. We rejected Deljoo's argument and affirmed, in *Deljoo v. SunTrust Mtg.*,[6] that the trial court had not erred in so finding. The Supreme Court reversed,[7] and we therefore vacate our earlier opinion, adopt the opinion of the Supreme Court as our own, and herein consider Deljoo's remaining enumerations of error.

2. In its order on the cross-motions for summary judgment, the trial court found that a genuine issue of material fact existed as to whether the Deljoo deed was properly executed, because: (1) the deed was signed only by the president of S & F Construction, Sohrab Moghadam, who signed "above the signature line for S & F Construction, without there being any indication of the office he held or his authority or intent to bind the corporation"; and (2) the corporate seal of S & F Construction affixed below Moghadam's signature was not legible on the documents provided to the trial court. Deljoo contends that this finding was in error and that he is entitled to summary judgment.

We agree with the trial court that a genuine issue of material fact

---

[4] (Emphasis supplied.)

[5] Deljoo never owned the property at issue; rather, S & F Construction gave him the deed to secure a debt of $204,000 due in December 2002.

[6] 289 Ga. App. 396 (657 SE2d 319) (2008).

[7] See *Deljoo v. SunTrust Mtg.*, 284 Ga. 438 (668 SE2d 245) (2008).

remains as to the validity of the deed. OCGA § 14-5-7 (a) provides that

> [i]nstruments executed by a corporation conveying an interest in real property, when signed by the president or vice-president and attested or countersigned by the secretary or an assistant secretary or the cashier or assistant cashier of the corporation, shall be conclusive evidence that the president or vice-president of the corporation executing the document does in fact occupy the official position indicated; that the signature of such officer subscribed thereto is genuine; and that the execution of the document on behalf of the corporation has been duly authorized.[8]

And even if the deed was not signed by two corporate officers, "the presence of an *attested* corporate seal indicates authority to execute the document on behalf of the corporation."[9] Here, however, because the deed was signed only by Moghadam, with no reference to his title, the corporate seal was illegible to the trial court, and SunTrust and Milton have pointed to some evidence that S & F's corporate practice in documents signed on its behalf by Moghadam was to include his title, we affirm the trial court's denial of summary judgment on this basis.[10]

3. Because we have affirmed the trial court's denial of summary judgment in Division 2, we need not address Deljoo's final enumeration of error.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 11, 2008.

*Shawn M. Winterich*, for appellant.
*McIlhinney & Sessions, Sean J. McIlhinney, Nall & Miller, Laura D. Eschleman, Jeffrey M. Fishman*, for appellees.

---

[8] A previous version of the statute required that a corporate seal be affixed to the deed, as well. See *Village Creations, Ltd. v. Crawfordville Enterprises*, 232 Ga. 131, 133 (2) (206 SE2d 3) (1974) ("If the seal does not appear upon a deed executed by the president of a corporation and attested by the secretary there is no presumption as to the officers' authority to execute it.") (decided under Ga. Code Ann. § 22-5106, which included the phrase "with the corporation's seal attached").

[9] (Emphasis supplied.) *Hartkopf v. Heinrich Ad. Berkemann*, 200 Ga. App. 355, 356 (1) (408 SE2d 450) (1991).

[10] See, e.g., *Gift Collection, Ltd. v. The Small Business Admin.*, 738 FSupp. 487, 490-491 (A) (N.D. Ga. 1989).