## A11A0554. 3400 PARTNERS, LLC v. CHAVEZ.
### (711 SE2d 19)

ANDREWS, Judge.

On appeal from a grant of summary judgment enforcing a subcontractor's lien, the defendant owner of the property argues that the lien is defective because the legal description referred to in the lien listed only one of the many condominium units on the property. We affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the non-movant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that 3400 Partners, LLC, the owner of a 60-unit condominium and retail complex located at 3400 Malone Drive in Atlanta, hired a general contractor, MGP, Inc., who hired Maria O. Chavez d/b/a Parra Construction (Parra), as a concrete and painting subcontractor. After 3400 Partners failed to pay Parra's bills, Parra timely filed a materialmen's lien on the property as specified in OCGA § 44-14-361.1. The lien listed the property as "3400 Malone Drive, Chamblee, Georgia 30341 (See Exhibit A)," and added that "[t]his lien is claimed, separately and severally, as to all buildings and improvements thereon, and the said land." The legal description attached as "Exhibit A" denoted the property, however, as "all that tract or parcel of land lying and being in land lot 299, 18th District, Chamblee Section, Dekalb County, Georgia, *and being Unit No. 311*, 3400 Malone Condominium." (Emphasis supplied.) The legal description also referred to plat book pages containing drawings of the entire complex.

As condition precedent to this action to enforce the lien, Parra

---

[4] See *Riggins*, supra at 241-242 (2).

obtained a consent judgment against 3400 Partners in its favor in the amount of $185,746.25. See OCGA § 44-14-361.1 (a) (specifying procedure for perfecting a lien, including commencing an action to recover the amount claimed within 12 months of when the claim became due); *Few v. Capitol Materials*, 274 Ga. 784, 784-785 (1) (559 SE2d 429) (2002).

As the parties have agreed, the only issue on appeal is whether Parra's lien is invalid as a result of the property description's reference to a single unit of the complex. *Mull v. Mickey's Lumber & Supply Co.*, 218 Ga. App. 343, 344 (2) (461 SE2d 270) (1995) (sufficiency of a lien's legal description is a question of law for the court).

It is true that "[t]he creation of liens under [OCGA] § 44-14-361.1 is in derogation of the common law," and that "strict compliance with the requirements of [the statute] is required." *Consolidated Systems v. AMISUB, Inc.*, 261 Ga. 590, 591 (1) (408 SE2d 109) (1991). As our Supreme Court has recently emphasized, however, "[i]t is only when a description [of property] is manifestly too meager, imperfect, or uncertain to serve as adequate means of identification that the court can adjudge the description insufficient as a matter of law." *Deljoo v. SunTrust Mtg.*, 284 Ga. 438, 440 (668 SE2d 245) (2008). Thus this Court has previously enforced liens whose legal descriptions contained surplusage, omissions, and even errors. See *North v. Waffle House*, 177 Ga. App. 162, 163 (338 SE2d 750) (1985) (tracts not owned by the defendant); *Love v. Hockenhull*, 91 Ga. App. 877, 878 (87 SE2d 352) (1955) (multiple street numbers); *Southwire Co. v. Metal Equip. Co.*, 129 Ga. App. 49 (198 SE2d 687) (1973) (land lot number and description of buildings and tanks but no street number); *Grubb v. Woodglenn Properties*, 220 Ga. App. 902, 905 (4) (470 SE2d 455) (1996) (incorrect plat book page number).

This description's apparent limitation of the lien to "Unit 311" of the subject property stands in contradiction to all the remaining evidence in the case, both intrinsic and extrinsic, including (a) the lien's assertion of an interest in "all buildings and improvements" on the property; (b) the description's own reference to plat book drawings of the entire project; (c) a letter from 3400 Partners about Parra's "work done at 3400 Malone Drive" without limitation to any particular unit; and (d) the disproportion between the nearly $186,000 worth of work Parra performed concerning all 60 units and the less than $200,000 market value of individual units in the complex. In short, "there is no evidence that the parties were confused" about the property on which the lien was imposed. See *CDM Custom Homes v. Windham*, 280 Ga. App. 728, 734 (3) (634 SE2d 780) (2006) (enforcing specific performance where a contract description was sufficient extrinsic evidence to perfect the legal

description of the property).

3400 Partners seeks to forestall this conclusion by pointing to *Bollers v. Noir Enterprises*, 297 Ga. App. 435 (677 SE2d 338) (2009), in which we invalidated three liens containing "as many as three separate property descriptions." Id. at 442 (3). As we pointed out, however, the *Bollers* liens referred to addresses in different cities, while their legal descriptions referred to "different, presumably larger tracts of land than the property described" in the deeds. Id. By contrast, the single lien at issue here contains a proper street and city address and a specification that it applies to "all buildings and improvements thereon." The *Bollers* lienholder also failed to offer extrinsic evidence to explain the discrepancies, id. at 442-443 (3), whereas Parra attached a letter to its complaint tending to show that Parra had worked on the entire complex, and not simply at one unit of that complex. For all these reasons, we affirm the trial court's grant of summary judgment to Parra concerning the enforceability of its lien.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED APRIL 11, 2011 —
RECONSIDERATION DENIED MAY 4, 2011 — 

*Mahaffey, Pickens & Tucker, Andrew D. Stancil, Gerald Davidson, Jr.*, for appellant.

*Wasson, Sours & Harris, Mark D. Gropp*, for appellee.