## A11A0994. SUNTRUST BANK v. EQUITY BANK, S.S.B.

(719 SE2d 539)

McFADDEN, Judge.

This case involves a dispute between two banks over the priority of competing security deeds. The trial court ruled on summary judgment that the first recorded deed did not provide constructive notice of that bank's security interest because it contained a mistaken metes and bounds description of the subject property. But because the security deed properly identified the property by its street address and tax parcel identification number, it provided constructive notice, and we therefore reverse the summary judgment rulings of the trial court.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *VATACS Group v. HomeSide Lending*, 276 Ga. App. 386 (623 SE2d 534) (2005), affirmed, 281 Ga. 50 (635 SE2d 758) (2006).

So viewed, the evidence shows that on September 9, 2005, Zion Full Gospel World Ministries, Inc., acquired by quitclaim deed a parcel of land with a church building on it in DeKalb County. On September 13, 2005, Zion Full Gospel entered into a deed to secure debt with SunTrust Bank, conveying an interest in the property as security for a $125,000 loan. The SunTrust security deed, recorded on October 12, 2005, identified the property both by its street address of 4091 Carver Drive, Doraville, Georgia 30360-2545, and by its tax parcel identification number. However, the security deed also set forth an incorrect metes and bounds description, which actually pertained to a nearby parcel of land that was not owned by Zion Full Gospel.

Ten months later, Zion Full Gospel entered into a deed to secure debt with Wachovia Bank, N.A., conveying an interest in the property as security for a $230,000 loan. That second security deed was recorded on August 10, 2006, and was later assigned to Equity Bank. The Equity Bank security deed, like the prior SunTrust security deed, described the property by its correct street address and tax parcel identification number, but it also included the correct metes and bounds description. A title examination failed to reveal SunTrust's security deed.

In August 2008, Zion Full Gospel filed a Chapter 11 bankruptcy, naming SunTrust and Equity Bank as creditors. SunTrust moved for relief from the temporary stay, claiming that it held a first priority security interest in the property. The bankruptcy court granted the motion, and SunTrust began foreclosure proceedings. Equity Bank filed an action seeking to enjoin the foreclosure, but later dismissed the complaint. SunTrust foreclosed its security deed on February 3, 2009.

Equity Bank subsequently filed a wrongful foreclosure action against SunTrust. The parties filed cross-motions for summary judgment on the issue of whether Equity Bank had constructive notice of the SunTrust security deed when the Equity Bank security deed was recorded. The trial court denied summary judgment to SunTrust and granted summary judgment to Equity Bank, finding that because the SunTrust security deed included an incorrect metes and bounds description it was outside the chain of title and did not provide constructive notice of SunTrust's security interest. Sun-Trust appeals.

"Chain of title includes all recorded instruments pertaining to the property that are executed by an entity holding a recorded interest in the property at the time of the execution of the instrument. [Cits.]" *VATACS Group*, supra at 391 (2).

> The filing and recordation of an instrument provides constructive notice to subsequent purchasers of the existence of a prior interest in the property. For more than a century, it has been recognized that a purchaser of land in this state is charged with notice of every fact shown by the records, and is presumed to know every other fact which an examination suggested by the records would have disclosed.

(Citations and punctuation omitted.) *Deljoo v. SunTrust Mtg.*, 284 Ga. 438, 439 (668 SE2d 245) (2008). In this case, it is undisputed that SunTrust recorded its security deed prior to the recording of Equity Bank's security deed. Thus, contrary to the trial court's finding, SunTrust's recorded security deed was in the chain of title and provided constructive notice to Equity Bank.

Furthermore, the fact that the SunTrust security deed included an incorrect description of the property did not render it invalid and take it out of the chain of title. "It is only when a description [of property] is manifestly too meager, imperfect, or uncertain to serve as adequate means of identification that the court can adjudge the description insufficient as a matter of law." (Citation and punctua-

tion omitted.) *Deljoo*, supra at 440. Indeed,

> while the description may be inaccurate, meager or errone-
> ous, yet if it is expressed in such a manner or connected
> with such attendant circumstances as that a purchaser
> should be deemed to be put upon inquiry, if he fails to
> prosecute this inquiry he is chargeable with all the notice he
> might have obtained had he done so.

(Citations and punctuation omitted.) Id.

Although the SunTrust security deed contained a mistaken metes and bounds description of the property, it also properly identified the property by its street address and tax parcel identification number. These were sufficient keys to identify the property contained in the security deed, and Equity Bank is charged with notice of those facts set forth in the recorded deed. See *3400 Partners v. Chavez*, 309 Ga. App. 475, 476 (711 SE2d 19) (2011) ("this Court has previously enforced liens whose legal descriptions contained surplusage, omissions, and even errors"); *Swan Kang, Inc. v. Kang*, 243 Ga. App. 684, 688 (3) (534 SE2d 145) (2000) (postal address legally sufficient description).

Because the recorded SunTrust security deed provided Equity Bank with constructive notice of SunTrust's interest in the property, the trial court erred in finding otherwise. See *Deljoo*, supra (more than 100 years of our jurisprudence provides for broad constructive notice upon recording). Accordingly, we reverse the trial court's grant of summary judgment to Equity Bank and denial of summary judgment to SunTrust.

*Judgment reversed. Miller, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 16, 2011.

*Diment Carroll, Price H. Carroll*, for appellant.
*Fred R. Slotkin, Jr.*, for appellee.